STATE ex rel. VIRGINIA & RAINY LAKE COMPANY v. DISTRICT COURT OF ST. LOUIS COUNTY and Others.[1]

December 18, 1914.

Nos. 19,144—(300).

**Injury to servant — liability of master.**
1. The test for determining whether one person is the employee of another, within the rule making the employer responsible for injuries resulting from the negligence of his employee, is whether such person possessed the power to control the other in respect to the transaction out of which the injury arose.

**Respondeat superior — applicability of rule.**
2. The court cannot determine, as a question of law, that the rule of *respondeat superior* does not apply, unless the evidence shows conclusively that the alleged employer possessed no such power of control.

**Findings sustained by evidence.**
3. Under the above tests the evidence was ample to sustain the finding of the trial court.

**Workmen's Compensation Act — construction.**
4. The Workmen's Compensation Act is remedial in its nature and must be given a liberal construction to accomplish the purpose intended. The provisions defining when the relation of employer and employee exists bring within the act all cases in which, under the above rule, such relation is found to exist.

Upon the relation of Virginia & Rainy Lake Co. this court issued its writ of *certiorari* directed to the district court for St. Louis

[1] Reported in 150 N. W. 211.

---

Note.—The general question as to who are independent contractors is treated in notes in 65 L.R.A. 445 and 17 L.R.A.(N.S.) 371.

county and to Honorable Bert Fesler, one of the judges thereof, commanding them to return to this court a transcript of all the records of proceedings in said court in an action wherein Stanley Bashko was plaintiff-employee and the Virginia & Rainy Lake Co. a corporation, was defendant-employer. Affirmed.

*Abbott, MacPherran, Lewis & Gilbert,* for relator.

*Charles E. Adams,* for respondent.

TAYLOR, C.

The respondent, Bashko, while engaged in getting out ties, poles and posts for the relator, the Virginia & Rainy Lake Co., received an injury which resulted in the loss of the sight of one eye. He made application to the district court of St. Louis county for compensation therefor under the so-called Workmen's Compensation Act. The court sustained his claim, and adjudged that the company should pay the compensation specified in the act in accordance with the provisions thereof. The company brought the matter before this court by *certiorari,* and contends that Bashko was not an employee but an independent contractor. The only question for decision is whether the evidence is sufficient to sustain the finding of the district court that Bashko, at the time of the accident, was an employee of the company within the meaning of the compensation act.

The company owned large tracts of timber land in the northern part of the state, and were engaged in cutting, preparing and removing the merchantable timber therefrom. They maintained camps at convenient points in which to board and lodge the men engaged in the work. In addition to the men employed at monthly wages, there were a large number engaged in cutting and preparing timber at a specified price per piece and known as "piece-makers." Bashko was a "piece-maker." He boarded at the camp, but paid an agreed price per week for his board. He also paid to the company one dollar per month as a hospital fee, which entitled him to care and treatment in a hospital in case of sickness or injury. The amount due for board and hospital fee was deducted by the company from his earnings. He procured the tools used in his work from the company, and they were charged to him with the understanding that

he could either pay for the use of them or purchase them outright. He subsequently concluded to purchase them, and by his direction the price was deducted from his earnings.    The company assigned him a specific tract of its land upon which to work, and marked out the boundary between this tract and the tracts allotted to others. He was required to cut the merchantable timber clean as he went, and to manufacture it into ties, poles and posts according to specifications furnished him by the company, and also to pile the brush ready for burning.    He was to be paid at a specified rate per piece for all timber cut and prepared in accordance with the specifications. This rate varied according to the size, character and grade of the different ties, poles and posts.    The company had an inspector and a foreman, each of whom inspected the work once or twice a week to see that it was properly performed and that the requirements of the specifications were complied with.    Under the agreement, Bashko could work as much or as little as he wished; could lay off whenever and as long as he chose; could work as many or as few hours per day as he saw fit; could proceed in his own way so far as his method of working was concerned; and could quit finally whenever he elected to do so.    It does not appear that there was any fixed time for payment.    Whenever requested the company counted the ties, poles and posts of the various kinds and grades, and paid him therefor according to the stipulated schedule of prices.

This court, in common with courts generally, has held that one person is not liable for injuries caused by the negligence of another, unless such person possessed the power to control the acts of the other in respect to the transaction out of which the injury arose; and that the test for determining whether one person is an employee of another, within the rule making the employer responsible for the negligence of his employee, is whether the alleged employer possessed such power of control.    2 Dunnell, Minn. Digest, § 5835, and cases cited in note 49.

The relator relies upon this rule, and insists that the test shows that Bashko was not an employee but an independent contractor. We think the evidence is sufficient to have required the submission of the question to a jury, if it had arisen in an ordinary action at law.

Waters v. Pioneer Fuel Co. 52 Minn. 474, 55 N. W. 52, 38 Am. St. 564; Barg v. Bousfield, 65 Minn. 355, 68 N. W. 45; Rait v. New England F. & C. Co. 66 Minn. 76, 68 N. W. 729; Klages v. Gillette-Herzog Mnfg. Co. 86 Minn. 458, 90 N. W. 1116; Brown v. Douglas Lumber Co. 113 Minn. 67, 129 N. W. 161. In the Rait case, the defendant employed a contractor to repair a leaky roof. There was no evidence that it reserved any control or supervision over him, except the inference arising from the character of the work and from the fact that it owned and occupied the building. In considering whether the defendant was responsible for the negligence of an employee of the contractor the court said: "Under all the circumstances, it was, at least, a question for the jury to say whether, in employing Dinsmore to fix this roof, the defendant surrendered all control over his actions as to the manner of removing the ice and snow from the roof of the building." In the Klages case the court considered the prior cases, and held, in effect, that unless it appeared conclusively that the right to control and supervise the work was not reserved, the question as to whether the relation of employer and employee existed was for the jury.

In the present case Bashko did not contract to perform a specific and definite undertaking nor to accomplish a specific and agreed upon result. He did not agree to cut any specific quantity of timber, nor to cut the timber from any specific quantity of land. The company owned the timber and wanted it made into ties, poles and posts. It had established a schedule of prices which it paid for piece-work. Bashko had worked at piece-work for some years and could earn more than ordinary wages at such work. He applied for a job getting out timber by the piece and the company set him to work. The company had a large number of men doing the same kind of work upon the same terms. It is not likely that the owners of valuable timber would permit ordinary workmen to cut and manufacture it for them wholly free from supervision or control. The evidence tends to show that the company did not surrender but reserved the right to supervise and control the work of Bashko, at least to the extent necessary to prevent waste and loss. They required him to cut the timber clean as he went, and to manufacture it according to specifi-

cations furnished by them, and also to pile the brush. They inspected his work from time to time and occasionally directed him to remedy defects therein. They had the right to discharge him at any time, and this right afforded adequate means for controlling his work. The evidence was ample to sustain the finding of the trial court under the rule invoked.

The compensation act is remedial in its nature and must be given a liberal construction to accomplish the purpose intended. It provides: "The term 'employer' as used herein shall mean every person * * * who employs another to perform a service for hire, and to whom the 'employer' directly pays wages. * * * The terms employee and workman * * * shall be construed to mean * * * every person * * * in the service of another under any contract of hire, express or implied, oral or written." Section 34, c. 467, p. 692, Laws 1913 (section 8230, G. S. 1913). It is not necessary to construe these provisions, nor the somewhat ambiguous and obscure provisions of section 32 [p. 690] of the act (section 8228, G. S. 1913), further than to say that they certainly do not confine the relation of employer and employee within any narrower limits than did the rule invoked by the relator.

The decision of the district court is affirmed.