HANISKO *v.* FITZPATRICK BROTHERS.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—INDEPEND-
ENT CONTRACTOR NOT ENTITLED TO COMPENSATION.

Where plaintiff took over the collection and disposal of
garbage for defendants under their contract with a city,
he having full charge thereof, supplying his own teams
and help and receiving a certain sum per day, his profits
varying according to the amounts paid out therefor, he
was an independent contractor rather than an employee,
within the meaning of the workmen's compensation act,
and therefore not entitled to compensation thereunder for
accidental injuries received by him while engaged in such
work.[1]

Certiorari to Department of Labor and Industry.
Submitted October 8, 1925.    (Docket No. 30.)    De-
cided December 22, 1925.

Louis Hanisko presented his claim for compensation
against Fitzpatrick Brothers, a copartnership, for an
accidental injury in defendants' employ.    From an
order awarding compensation, defendants and the
General Casualty & Surety Company, insurer, bring
certiorari.    Reversed, and order vacated.

*Derham & Derham* (*Alexander & Ruttle,* of coun-
sel), for appellants.

*M. J. MacGregor,* for appellee.

CLARK, J.    Certiorari to the department of labor
and industry.    On April 24, 1925, the department
awarded compensation to plaintiff.    Fitzpatrick
Brothers, copartners, who were held as the employers,

---

[1]Workmen's Compensation Acts, C. J. § 42.

and their surety, here contend that plaintiff was an independent contractor, not an employee, and that therefore the award should be vacated.

Fitzpatrick Brothers had contracted with the city of Ironwood to collect and dispose of garbage. Their employees did the work for some time. Then it was agreed by and between Fitzpatrick Brothers and plaintiff that plaintiff take over the collection and disposal of garbage under the contract with the city. Under such agreement plaintiff supplied two teams, which he fed and cared for, and he supplied wagons and equipment. Usually he himself worked. Sometimes he did not. He hired such men as he required. He could discharge them or any of them. He laid out and used as he thought best routes for collection of garbage. His hours were not fixed. It was upon him to produce results agreeable to the contract with the city, nothing more. For this he was to and did receive from Fitzpatrick Brothers $30 per day. The less he had to pay to helpers the more he had for himself. The number of his employees varied. So his daily profits were not uniform in amount.

Twice a month he went to the office of Fitzpatrick Brothers. The amount due him was determined by the number of work-days in the half month at $30 per day. At his direction a part of the sum due was disbursed by Fitzpatrick Brothers' checks to his employees. The remainder plaintiff himself received. Fitzpatrick Brothers were interested in seeing that plaintiff's work met the requirements of the contract with the city and to that end and extent they had right of interference and control and the right to terminate the agreement with plaintiff. Orders or suggestions from the health officers were forwarded to plaintiff.

In 26 Cyc. p. 1546, adopted by this court in *Zoltowski* v. *Ternes Coal & Lumber Co.*, 214 Mich. 231, an independent contractor is defined:

"An independent contractor is one who, carrying on an independent business, contracts to do a piece of work according to his own methods, and without being subject to control by his employer as to the means by which the result is to be accomplished, but only as to the result of the work.     Generally the circumstances which go to show one to be an independent contractor, while separately they may not be conclusive, are the independent nature of his business, the existence of a contract for the performance of a specified piece of work, the agreement to pay a fixed price for the work, the employment of assistants by the employee who are under his control, the furnishing by him of the necessary materials, and his right to control the work while it is in progress except as to results."

The question has been before this court many times.

See *Carleton* v. *Machine Products Co.,* 199 Mich. 148 (19 A. L. R. 1141) ; *Woodhall* v. *Irwin,* 201 Mich. 400; *Odle* v. *Charcoal Iron Co.,* 217 Mich. 469; *Gross* v. *Chemical Co.,* 219 Mich. 200; *Gall* v. *Detroit Journal Co.,* 191 Mich. 405 (19 A. L. R. 1164) ; *Sawtells* v. *Ekenburg Co.,* 206 Mich. 246; *Stoddard* v. *Construction Co.,* 220 Mich. 643.

On the facts, within the definition above, and under the cases cited, plaintiff was an independent contractor.

The award is vacated.

MCDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.