FELISSA SCHULLO v. VILLAGE OF NASHWAUK AND
ANOTHER.[1]

February 19, 1926.

No. 24,922.

**Decedent was employe and not independent contractor.**
    1.  A contract with the defendant village to collect and haul garbage
did not establish the relation of independent contractor, but the rela-
tion of employer and employe to which the Workmen's Compensation
Act applied.

**Decedent, as substituted employe, within compensation act.**
    2.  The contract was made by an offer presented to the common
council and its acceptance. The work was done by the father of the
one who made the offer. When made it was understood between the
two that the father would do the work; and the son furnished him a
team free of charge. The work was done by the father with the
knowledge of some of the village officers and under the supervision of
the street commission. It is *held* that the transaction amounted to a
substitution of the father for the son; and that he having been killed
in an accident arising out of and in course of his employment his de-
pendents were entitled to compensation.

    Workmen's Compensation Acts, C. J. pp. 48 n. 35; 50 n. 63.

    Certiorari to review an order of the Industrial Commission deny-
ing compensation in a proceeding under the Workmen's Compensa-
tion Act. Remanded.
    *Gannon, Strizich & Farnand,* for relator.
    *Abbott, MacPherran, Dancer, Gilbert & Doan,* for respondents.

DIBELL, J.
    Certiorari to review the order of the Industrial Commission deny-
ing compensation to the dependents of Emil Schullo, who was acci-
dentally killed on June 4, 1924, by the running away of the team
which he was driving. The dependents claim that he was at the

[1]Reported in 207 N. W. 621.

time in the employ of the defendant village as garbage collector. The defendants village and insurer deny that he was. The bid for doing the work was submitted by Patrick Schullo, the son of the deceased, on April 14, 1924, and accepted by the village, the work "to begin when needed and to end when so ordered." His father did the work.

The defendants make two interrelated claims:

(1) That under the contract created by the bid and acceptance Patrick Schullo was an independent contractor; and that the relation of employer and employe did not arise so as to make applicable the Workmen's Compensation Act.

(2) That in any event there was no contractual relation between the village and the deceased, Emil Schullo, so as to make applicable the compensation act.

The controlling facts are not in dispute; and the question of liability becomes one of law.

1. On April 14, 1924, Patrick Schullo submitted to the common council of Nashwauk a bid for the work of collecting and hauling garbage, at $110 a month, and it was accepted. He intended that his father would do the work. For this purpose he gave him the use of a team without charge. The village furnished the wagon and designated the dump ground. It was not contemplated that the time of a man and team would be required each day. The work was done on Mondays, Wednesdays and Saturdays. It was done under the immediate and actual supervision of the street commissioner who was responsible to the council. The contention of the defendants is that the contract made Patrick Schullo an independent contractor; and that if he had done the work personally, and met accidental injury, there would have been no right of compensation.

In Waters v. Pioneer Fuel Co. 52 Minn. 474, 55 N. W. 52, 38 Am. St. 564, the facts were these: A man was employed by the defendant fuel company to deliver coal at a stipulated price per ton or load. He furnished his team and the running gears of his wagon; the defendant furnished the box. He was paid weekly what he

earned during the week. When an order for coal came it was given to him to execute. He delivered and collected. Through his negligence in leaving a coal hole in a sidewalk uncovered the plaintiff was injured. The defendant was held liable upon the doctrine of respondeat superior. The defendant's claim of independent contractor was rejected. It was suggested in the discussion that the result would not have been different if the employment had been by the day or month and the employer had furnished the team and wagon. The doctrine of this case has been approved in cases similar on their facts. Dunn v. Reeves Coal Yard Co. Inc. 150 Minn. 282, 184 N. W. 1027, and cases cited. It has been applied to cases under the compensation act. Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; State v. District Court, 128 Minn. 43, 150 N. W. 211. In Winters v. American Radiator Co. 128 Minn. 508, 151 N. W. 277, L. R. A. 1915D, 476, cases, distinguished from the Waters case, and holding that under the particular circumstances the relationship was that of independent contractor, are collected.

Counsel for the dependents direct our attention to Warner v. Fullerton-Powell Hardwood Lbr. Co. 231 Mich. 328, 204 N. W. 107. In this case there was a finding that a farmer furnishing his team and hauling logs for a lumber company at an agreed price per thousand was not an independent contractor. The respondents cite Hanisko v. Fitzpatrick Bros. 232 Mich. 593, 206 N. W. 322. There the plaintiff, who in effect took over the work of the defendants, who had a contract with the city for the removal of garbage, was held an independent contractor and not an employe of the contractor with the city. These cases have had careful consideration, and, while usefully illustrative, neither controls the result in the case before us.

The doctrine of the Waters case applies and the relationship created was that of employer and employe and not that of an independent contractor.

2. The remaining question is whether, the decedent having done the work instead of the son whose bid was accepted, there can be compensation.

The son intended that his father, who was an elderly man of 72, should do the work and have the reward, and to that end furnished him the team without charge. He had furnished him a team before for other work. After the son submitted the bid to the common council he seems to have done nothing. He was not directed when to commence work. The father commenced some time in the early part of May and in some way notice to commence must have been communicated to him. The street commissioner knew that the decedent was doing the work and that the son never did it. It was generally known that the deceased was collecting the garbage, though it does not appear that the precise relation between father and son was known. The street commissioner supervised him and at least some of the officers of the village knew that he was doing the work. The warrant for the work done in May was made to him, before his death, and afterwards changed by inserting the name of the son. The explanation made is that the name of the deceased was inserted by mistake and the error thus corrected. This was accepted by the commission and we do not attach importance to the fact that the warrant was made first to the decedent. Taking the evidence as a whole it should be held that there was a substitution of the father for the son, the village acquiescing in it, so that the former was under the compensation act, as the son would have been had he done the work.

The case of Arterburn v. County of Redwood, 154 Minn. 338, 191 N. W. 924, does not make against this view. There the county never knew of a change. Nor is State v. District Court, 147 Minn. 12, 179 N. W. 216, opposed. That was clearly a case of independent contractor. So was Ledoux v. Joncas, 163 Minn. 498, 204 N. W. 635.

In Benson v. County of Marshall, 163 Minn. 309, 204 N. W. 40, it was held that the evidence conclusively showed that it was agreed that either one of two brothers might act as a foreman on road work and that the one was entitled to compensation. The evidence there was of an understanding expressed in words, and the case was stronger in favor of compensation than the one before us.

In Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134, one made a contract with the defendants to haul tile with his team and wagon at an agreed price. He let another having a team and wagon share in the hauling and the defendants acquiesced or assented. Both were held employes of the defendants as a matter of law. It was a matter of indifference to the village whether the father or son should do the work. The son having taken the contract in his own name, but for his father, and the father having done the work with the acquiescence of the village and under the direction of its street commissioner, it should be held that there was a substitution and that the village cannot object now.

The case is remanded with directions to proceed with an award of compensation. An attorney's fee of $50 in this court is allowed.

Remanded.