# PAT LYNCH v. HUTCHINSON PRODUCE COMPANY AND ANOTHER.[1]

December 10, 1926.

No. 25,729.

**In this case well driller was an employe, entitled to compensation, and not an independent contractor.**

A well driller, who was hired to sink a well for the owner of a building under the circumstances related in the opinion, was not an independent contractor but an employe and within the protection of the Workmen's Compensation Act.

Workmen's Compensation Acts—C. J. p. 50 n. 63; p. 51 n. 64 New.

See notes in L. R. A. 1916A, pp. 118, 247; L. R. A. 1918F, 206; 28 R. C. L. 762; 3 R. C. L. Supp. 1593; 4 R. C. L. Supp. 1846; 6 R. C. L. Supp. 1748.

Certiorari to review the order of the Industrial Commission refusing compensation in a proceeding brought under the Workmen's Compensation Act. Reversed.

*Daly & Barnard,* for appellant.

*Paul S. Carroll,* for respondents.

LEES, C.

The respondent Hutchinson Produce Company is the owner of a building in Granite Falls in this state, where it deals in and stores butter, eggs and poultry. The respondent Hartford Accident Indemnity Company is its insurer under the Workmen's Compensation Act. The business of the produce company was managed by a man named Johnson. The relator is an experienced well driller. Johnson asked him to drill a well on the produce company's premises. The site of Granite Falls is underlaid by granite. Drilling a well to the depth where water is found is a difficult operation. It cannot

[1]Reported in 211 N. W. 313.

always be accomplished successfully. The relator did not agree to complete the well or to drill until he struck water. Both he and Johnson knew that it was uncertain whether a supply of water could be procured. Relator told Johnson he would not drill at a fixed price per foot, and Johnson said the produce company would pay "what was right." Johnson kept "tab" on relator to see how many hours he worked. He was paid on the basis of a day of 10 hours. Relator began to drill on July 5, 1924, and continued until July 21, when he stopped work at a depth of about 70 feet because the rock was so hard he could not go on without a different drill. He was paid $300 in all, payment being made on the basis of the time spent in drilling. Relator owned the well-drilling machine and handled the drill himself. He employed and paid a man to assist him. He made no separate charge for the use of the machine or for the services of the man he employed.

On the last day he worked, relator stepped on a board in which there was a projecting nail. The nail passed through his shoe and into his foot. The accident arose out of and in the course of his employment. As a result of the accident, an infection developed and relator's leg had to be amputated below the knee.

The referee who took the testimony found that the relator was an employe of the produce company and awarded compensation.

On appeal, the Industrial Commission vacated the finding and set aside the award, holding as a matter of law that the undisputed facts showed that the relator was an independent contractor and not an employe of the produce company. A writ of certiorari brings the record to this court for a review of the decision.

Whether a workman claiming compensation for an accidental injury was an independent contractor or an employe has recently been considered in a number of cases. Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; Ledoux v. Joncas, 163 Minn. 498, 204 N. W. 635; Schullo v. Village of Nashwauk, 166 Minn. 186, 207 N. W. 621; Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N. W. 421; Angell v. White Eagle Oil Co. supra, page 183. It is unnecessary to restate the tests for the determination of the question. They are

familiar to the Industrial Commission and to the bar. The difficulty comes in their application to the facts in a particular case. Rarely do two cases present substantially the same state of facts. Where, as here, the facts are not in dispute, the Industrial Commission has properly treated the question as one of law. Applying the tests adopted in the cases cited, we conclude that relator was an employe of the produce company.

The fact that relator furnished the drilling machine is of no particular importance. The situation is much the same as in cases where a man is hired to haul gravel in the construction of a highway and furnishes teams and wagons to do the work, or is hired to haul sewer pipe for the construction of a sewer and uses his own team and wagon for that purpose. In such cases we have held that the relation of employer and employe arises. Herron v. Coolsaet Bros. supra; Benson v. County of Marshall, 163 Minn. 309, 204 N. W. 40.

The mere fact that relator employed a man to assist him does not justify the contention that relator was an independent contractor. He was not a contractor or builder who took jobs and supervised the work of the men he employed. He did the principal work himself with the aid of a helper. Our decisions emphasize the importance of the right of control as a test. Here the produce company had the right to stop the work and discharge the relator at any time. As was said in State ex rel. V. & R. L. Co. v. District Court, 128 Minn. 43, 47, 150 N. W. 211, "this right afforded adequate means for controlling his work." Apparently relator was also at liberty to stop work whenever drilling became too difficult a task. He had not undertaken to complete the well as a condition precedent to his right to compensation.

The decision of the commission is reversed with directions to award compensation. Relator will be allowed an attorney's fee of $100.