# HULDAH ROUSE AND OTHERS v. TOWN OF BIRD ISLAND.[1]

December 17, 1926.

No. 25,652.

**Farmer who hauled gravel with his team and wagon was an employe of defendant.**

In graveling a town road the town board paid the farmer who presented himself with a team and wagon a certain price for each load loaded, hauled and unloaded; the board provided the gravel pit and supervised the loading of the proper quantity and kind of material and designated the place of unloading. It is *held:* The relation thereby created between the town and the hauler was that of employer and employe under the Workmen's Compensation Act.

Workmen's Compensation Acts,—C. J. p. 40 n. 95; p. 47 n. 33; p. 50 n. 63; p. 53 n. 86 New.

---

See notes in L. R. A. 1918F, 179.

Certiorari to review an order of the Industrial Commission denying compensation in a proceeding under the Workmen's Compensation Act. Reversed.

*Freeman & Smith,* for relators.

*Murray & Baker,* for respondent.

HOLT, J.

Certiorari to review a decision of the State Industrial Commission denying a claim under the Workmen's Compensation Act.

The sole question is whether under the act, H. J. Rouse, accidentally killed in a gravel pit, was an employe of the town of Bird Island or an independent contractor. Some time previous to December, 1924, the town board determined to gravel $2\frac{1}{2}$ miles of a town road. An agreement with the owner of a gravel pit was made for the purchase of gravel. A pit boss and checker were employed, and word was passed that anyone could haul out gravel at certain

[1]Reported in 211 N. W. 327.

rates per load of 1½ cubic yards. For each load so hauled the checker issued a ticket which on presentation the board paid. Rouse and others hauled under this arrangement in December, 1924, and January, 1925. On January 6th the town board concluded that the town should no longer furnish the dynamite required to loosen the gravel; but, on the haulers agreeing that the cost of the dynamite used be deducted from the amount of the price per load hauled, the board continued to provide the dynamite, and likewise to pay the checker and pit boss, but told the men they had to select the latter and must assume the risks incident to the work, especially since it appeared dangerous to the town officers to undermine the frozen ground in loading.

On January 13th, while Rouse was engaged in loading, a large block of the frozen undermined bank caved in, fell upon and crushed him so that he died therefrom that night. The referee held Rouse to be an employe of the town. A majority of the Industrial Commission concluded he was an independent contractor. In so doing reliance seems to have been placed on Arterburn v. County of Redwood, 154 Minn. 338, 191 N. W. 924; but the majority opinion of the court in that case turned on the fact that one Wilson had been employed by the county and Arterburn was the employe of Wilson. Such was not the case with Rouse. He was paid directly by the town. Mr. Duxbury, speaking for the majority of the commission, rightly says the question is one of law, there being no dispute as to those facts which must control.

Had the town paid by the day instead of by the load the relation indisputably would have been that of employer and employe. The fact that the men provided their own team, wagon and shovel, is of no significance. Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; Schullo v. Village of Nashwauk, 166 Minn. 186, 207 N. W. 621; Lynch v. Hutchinson Prod. Co. supra, page 329. Nor should the fact that payment was by the load instead of by the day or month change the relation. State ex rel. V. & R. L. Ry. Co. v. District Court, 128 Minn. 43, 150 N. W. 211; Dunn v. Reeves C. Y. Co. 150 Minn. 282, 184 N. W. 1027; Herron v. Coolsaet Bros. supra;

Lynch v. Hutchinson Prod. Co. supra; Tuttle v. Embury-Martin Lbr. Co. 192 Mich. 385, 158 N. W. 875, Ann. Cas. 1918C, 664; Van Simaeys v. George R. Cook Co. 201 Mich. 540, 167 N. W. 925. The town could and did direct where the gravel was to be loaded and unloaded; it supervised so that only the right quality was hauled; no particular quantity in loads was to be hauled by anyone, but each load was to contain one and one-half cubic yards; the town could terminate the work at any moment. The method of payment adopted made it immaterial to the town how fast or slow the employe worked. The place and manner of unloading were so well understood by the men that no special supervision was necessary.

The Workmen's Compensation Act is a remedial statute to be liberally construed so as to cover the men intended to be brought within its protection. To that end it is provided in G. S. 1923, § 4290, that no one shall be deemed a contractor or subcontractor "who does what is commonly known as 'piece work' or in any way where the system of employment used merely provides a method of fixing the workman's wages." And in § 4326, subd. d, an employer is defined to mean "every person not excluded by section 8, who employs another to perform a service for hire and to whom the 'employer' directly pays wages, and shall include any * * * town," etc. So far as these provisions affect the common law rule for determining whether the relation of employe or of independent contractor exists they must be given effect. It is readily seen that where the Workmen's Compensation Act is not applicable assumption of risk and contributory negligence are of prime importance in controversies arising out of injuries received in the performance of some work. The decisions treating the question when a person is an employe and when an independent contractor in a common law action are annotated extensively in Chicago R. I. & P. Ry. Co. v. Bennett, 36 Okla. 358, 128 Pac. 705, 20 A. L. R. 678.

Some claim is made that subsequent to January 6, 1925, the men ceased to have the status occupied prior thereto. We think what the town board then did worked no change. The dynamite used merely affected the amount of the wages. That the men were al-

lowed to select the pit boss is of no significance, for the town still continued to pay for his services. That the town board told the men that they must assume the risk can have no legal consequence, it still paid them directly the amounts earned. An employer may not by a declaration of that sort transfer the risk to the employe. The statute provides the only way in which it may be done. G. S. 1923, §§ 4271, 4272.

The findings and decision are vacated and cause remanded to the Industrial Commission for an award in conformity to this opinion, with $100 attorneys' fees to relators on this appeal.

Reversed and remanded.