## WILLIAM KRAUSE v. OSCAR BODIN AND OTHERS.[1]

October 28, 1927.

No. 26,212.

**Where person whose work was being done had right to control details of it and to end employment at once, award of compensation was sustained.**

The status of employe rather than of independent contractor properly found to exist where party for whom work is done has the right to control it in detail and may terminate contract at any time.

Workmen's Compensation Acts—C. J. p. 50 n. 63.

———

See note in 65 L. R. A. 445; 17 L.R.A.(N.S.) 371; 19 A. L. R. 253; 14 R. C. L. 67; 3 R. C. L. Supp. 164; 4 R. C. L. Supp. 869; 5 R. C. L. Supp. 738; 6 R. C. L. Supp. 692.

Certiorari upon the relation of Oscar Bodin and Walter Bodin, copartners, and Standard Accident Insurance Company to review an order of the industrial commission awarding compensation. Affirmed.

*L. H. Dow,* for relators.
*McCabe & Clure,* for respondent.

STONE, J.

Certiorari to review an order of the industrial commission awarding compensation. The respondent was injured in April, 1926. He is said to be a farmer by occupation but owned and for some time had operated, as occasion offered, a portable sawmill outfit consisting of saw, carriage and engine. It required while running the services of seven men in addition to respondent. At the time of the injury he was engaged in the woods of the North Shore country sawing lumber and ties for the Bodins. The contract was not in writing and exceedingly informal, so that what was actually done

[1] Reported in 215 N. W. 838.

thereunder is highly significant of contractual intent. Respondent furnished his outfit, the services of himself and his crew of seven men, and was to be paid seven dollars per thousand for logs and fifteen cents a piece for ties. Apparently the contract was terminable at the will of either party. Certainly the Bodins had the power to discharge respondent at any time. Moreover, they not only had but exercised the right to direct the operation in detail. One of them was continuously present and in personal supervision of the work. Frequently he directed how logs were to be cut so as to produce the best results. He assumed to give directions not only to respondent himself but also to members of his crew. Such details as leveling and lining the machinery and filing the saw did not escape his command. In the language of one of the witnesses, he was "bossing everybody around the mill." The record is wide open to the view that in large measure his direction was by way of order or command as distinguished from mere suggestion or advice.

With so much proof that the right of control was not only present but exercised, there is no ground upon which we can reverse the finding that respondent was an employe rather than an independent contractor. That respondent may have taken independent sawing contracts for others or even that such was his habit was relevant only as collateral evidence. It was in nowise controlling.

The case is ruled by Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N. W. 421; Lynch v. Hutchinson Produce Co. 169 Minn. 329, 211 N. W. 313, and the other cases involving the same issue reviewed in Moore v. Kileen & Gillis, 171 Minn. 15, 213 N. W. 49, where the decision against compensation was put upon the absence not only of actual supervision but also the right to control. The latter is ordinarily the decisive thing, but both were present in this case.

The order under review will be affirmed with an allowance of $75 to respondent for attorney's fees.

So ordered.