# THOMAS NESSETH v. SKELLY OIL COMPANY AND OTHERS.[1]

February 8, 1929.

No. 26,996.

*Ware & Melrin,* for relator.
*Granger, Clemens & Blethen,* for employer.
*A. J. Rockne,* for respondent.

WILSON, C. J.

Writ of certiorari to review a decision of the industrial commission.

The petitioner was seriously injured while unloading a tank car of gasolene. The commission affirmed the findings of the referee and awarded compensation. The sole question for our consideration is whether the evidence supports the finding that petitioner was an employe.

The Community Service Station Company, herein mentioned as the company, is a distributor of gasolene, oil, lubricants and kindred products. It has a storage station at Zumbrota. The controversy is between the petitioner and the insurer, which claims that the petitioner was an independent contractor.

[1] Reported in 223 N. W. 608.

On January 1, 1926, a written contract was made between the company and the petitioner wherein the latter was termed the "agent," and wherein the company agreed to pay the agent as full compensation for his services and expenses incurred by him a specified commission on the commodities sold and delivered by the agent for the company. It agreed to furnish the necessary blank forms to conduct the business and to cover the agent's truck equipment with public liability and property damage insurance under its blanket policy having a fleet coverage rate. The agent agreed: To be governed by the company in fixing prices; to inspect and keep the company notified as to the condition of all tanks at his station; to furnish all necessary trucks and equipment for his work; to account for all moneys and commodities received; to hire and pay for all necessary help; to invoice all sales in the name of the company and promptly to collect and remit; not to sell on credit without written authority and that he would be liable for sales in violation of this provision; and to reimburse the company for the premium actually paid for said insurance.

The contract contained these provisions:

"The agent hereby agrees to take due and proper care of and be responsible for all property of the company entrusted to his keeping, and to sell and deliver commodities supplied to him and remit for same at the prices prescribed by the company and to perform such other services as may be required for the proper conduct of the business. * * * The means and manner of performing the terms of this contract are left to the discretion of the agent."

There can no longer be any doubt but what the real test as to whether a person is an independent contractor or an employe is whether the asserted employer, under his arrangement with the other party, has or has not any authoritative control of the latter with respect to the manner and means in which and by which the details of work are to be performed. In the last analysis this test must always determine what was the essential nature of the relationship of the parties. Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; Ledoux v. Joncas, 163 Minn. 498, 204 N. W. 635; Bosel v.

Henderson Holding Co. 167 Minn. 72, 208 N. W. 421; Angell v. White Eagle O. & R. Co. 169 Minn. 183, 210 N. W. 1004; Lynch v. Hutchinson Produce Co. 169 Minn. 329, 211 N. W. 313; Rouse v. Town of Bird Island, 169 Minn. 367, 211 N. W. 327; Morss v. Murphy T. & S. Co. 170 Minn. 1, 211 N. W. 950; Moore v. Kileen & Gillis, 171 Minn. 15, 213 N. W. 49; Krause v. Bodin, 172 Minn. 467, 215 N. W. 838; Schonberg v. Zinsmaster Bak. Co. 173 Minn. 414, 217 N. W. 491.

The contract specifies many limitations upon the agent. It defines quite definitely his duties and restrictions. The only thing left to which he may apply his discretion is that he may work when he wishes, go when and where he chooses, and select his routes and customers. But this is no more than the privilege of many traveling salesmen who are usually treated as within the compensation act. The contract says: The agent's job is to sell oil. He is to receive, sell and distribute, sell only for cash, get the money and remit. He cannot fix prices but must follow directions from the company. He must not divide his remuneration nor sell on credit; if so he is personally liable. He must give a bond. He must pay insurance on trucks. He must not employ help without the approval of the company. He has charge of company's property and must account therefor. He must report conditions of tanks and property from time to time.

The employer, having substantially dictated the duties of an employe by written contract, cannot escape the responsibility of an employer by inserting therein the inconsistent clause, that "the means and manner of performing the terms of this contract are left to the discretion of the agent." Nor can the insurer escape liability by virtue of the general provision as against the specific ones which impose liability. This phrase is from the law books and has, when operative, a definite influence. But this general provision is of no force of application where all the elements have been settled by specific provisions in the written contract. It is also to be noted that the company covered the agent's truck equipment by liability insurance. It is difficult to see how this could be done if the agent was an independent contractor.

Our construction of the contract is that it was revocable at the will of the company. This court has said that such right affords adequate means for control. State ex rel. V. & R. L. Co. v. District Court, 128 Minn. 43, 150 N. W. 211; Lynch v. Hutchinson Produce Co. 169 Minn. 329, 211 N. W. 313. It certainly has possibilities in that direction. This right perhaps makes it unnecessary for the insertion of a clause requiring the agent to devote all his efforts and time in the work. Perhaps no less would keep the contract alive. When the control relates to the personal services and personal action of the agent in the accomplishment of the purposes of the contract, it is indicative of the relation of employment. The subject matter of this contract was the personal services of the agent. It was not the accomplishment of a definite result.

The purpose of this contract is to acquire the agent's services—his work not his intellectual initiative toward getting work from others. This contract required the agent's services in some respects in addition to the services upon which his remuneration was based. Indeed at the time he was injured he was doing work which was required of him by the company. Yet it was not mentioned in the contract. The spirit of the contract is one of "hire," and as we have repeatedly held the method of fixing the remuneration is not controlling. The method here adopted is possibly the best when applied to a distant employe.

The fact that the agent furnished his own truck is of no importance. Rouse v. Town of Bird Island, 169 Minn. 367, 211 N. W. 327; Lynch v. Hutchinson Produce Co. 169 Minn. 329, 211 N. W. 313.

The conclusion of the industrial commission finds substantial support in the case of Angell v. White Eagle O. & R. Co. 169 Minn. 183, 210 N. W. 1004. Its award is affirmed and will now include $100 attorney's fees for the petitioner.

Affirmed.