## EDITH ZARNS v. SWANVILLE STOCK SHIPPING ASSOCIATION AND ANOTHER.[1]

May 17, 1929.

No. 27,215.

[1]Reported in 225 N. W. 448.

*C. Rosenmeier,* for relator.

*W. J. Giberson,* for respondent shipping association and Mutual Creamery & Cheese Factory Liability Insurance Company, its insurer.

DIBELL, J.

Certiorari to review the order of the industrial commission denying compensation to the relator for the death of her husband, who it is alleged was at the time in the employ of the defendant Swanville shipping association.

On October 17, 1927, the Swanville association, a voluntary association, shipped four carloads of stock from Swanville in Morrison county to South St. Paul. One Stoll was the manager or shipper chosen by the members of the association.. He received $15 for the first car and $5 for each additional car shipped at one time; as compensation for his services in loading and taking to South St. Paul and selling, and for incidental services in connection therewith. If help was needed he hired and paid for it himself. The association did not. This had been the plan for five years. Prior to that the compensation was less and the association paid for help on bills rendered. It is fair to say that the compensation was increased to relieve the association of the charge for help needed by the shipper and to impose it upon him.

Stoll was loading four cars at Swanville. One car had been loaded. He asked Albert Zarns, husband of the plaintiff, who had come in with a load of stock, to pull the loaded car away from the loading chute with his team. Zarns did so, the car ran over him, and he was killed.

The industrial commission found that Zarns was not working for the shipping association. If this is true the order denying compensation was right.

If Zarns had been working under the prior arrangement, the association paying for the incidental help employed by the shipper,

there would be no difficulty in holding that he was in the employ of the association. That probably would be a necessary holding. The case for the relator then would be quite as strong as State ex rel. Nienaber v. District Court, 138 Minn. 416, 165 N. W. 268, L. R. A. 1918F, 200, where implied authority to hire was sustained. But here Stoll hired and paid. The job was his, and Zarns helped him. If anyone paid Stoll paid. That an employe is paid by the load does not take him from the compensation act. Rouse v. Town of Bird Island, 169 Minn. 367, 211 N. W. 327. And see Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134. This suggestion refers to Stoll's employment. In Nesseth v. Skelly Oil Co. 176 Minn. 373, 223 N. W. 608, the one held entitled to compensation was somewhat in the position of Stoll and not at all in the position of Zarns. And Lynch v. Hutchinson Produce Co. 169 Minn. 329, 211 N. W. 313, which collects the cases, authorized compensation to one in the position of Stoll rather than of Zarns.

Zarns was not in the employ of the association, and the relator is not entitled to compensation.

Order affirmed.