## HILMA C. DAHNERT v. TOWNSHIP OF OTISCO.[1]

February 21, 1936.

No. 30,707.

*Elias Rachie,* for relator.
*Gallagher, Madden & Gallagher,* for respondent.

PER CURIAM.

*Certiorari* to review an order of the industrial commission awarding the petitioner compensation for the death of her husband, killed while in the employ of the township of Otisco.

The township of Otisco is a public corporation. During March, 1934, the town board decided to gravel a short stretch of one of its roads. One Peterson interviewed Johnson, a member of the board, relative to getting work on the job, but no definite action was taken except that Johnson informed him that the board would require several trucks as it would be too expensive to employ a checker for only one or two trucks. A few days later, March 13, at the annual spring election and board meeting, it was definitely determined to gravel the road. The board informed Peterson that he could go to work if the township was unable to get CWA funds for the job. It was agreed that if Peterson worked he was to get ten cents per cubic yard for loading and five cents per cubic yard per mile for hauling. A few days later Johnson told Peterson he could go ahead with the work as the CWA funds were unavailable.

[1]Reported in 265 N. W. 291.

Peterson passed the word to other men owning trucks, including one Frank Dahnert, the petitioner's husband. Several men, with trucks, went to work. One or more of them received the information that they could get work on the job directly from Johnson. Dahnert was killed by the falling of a wall in the pit from which the gravel was being taken. His widow claimed compensation under the workmen's compensation law. The township contends that Peterson was an independent contractor and that Dahnert was his employe. The referee, whose conclusion was affirmed by the industrial commission, determined that Dahnert was an employe of the township and awarded compensation to the petitioner.

There was no writing evidencing a contract. Each trucker hired and paid for his own helper, but that circumstance does not support the theory of an independent contractual relationship between Peterson and the township. Lynch v. Hutchinson Produce Co. 169 Minn. 329, 211 N. W. 313. One of the town board members, on occasions, was present at the pit and supervised the taking of the gravel, seeing that only clean gravel was loaded. The township furnished the gravel and employed a man to check the number of loads each driver hauled. The town patrolman spread the gravel on the highway.

After Dahnert was killed Peterson and the other workers on the job quit. Nothing was said about a binding contract. The balance of the work immediately was let to two other men at the same rate. The town board paid for the work, done before Dahnert's death, with one check, for $262.90, made payable to Peterson. He cashed the check and paid each trucker the amount due him. There is evidence that the workers agreed that it be done that way in order to facilitate bookkeeping on the part of the township. Each trucker received the same compensation per cubic yard as did Peterson. Time sheets furnished by the town board were used.

None of the actions of the town board required a holding that there was an intention to make an independent contract with Peterson for the entire job of loading and hauling of the gravel. There was no writing. There was no advertising for bids. 2 Mason Minn. St. 1927, § 9700, provides that a bond be furnished by any party

entering into a contract with a public board or body. The town board asked for none. 1 Mason Minn. St. 1927, § 2596, provides that before final payment on any contract for road work exceeding the sum of $200 is made by a town board a certificate approving the work as having been done in accordance with the terms of the contract must be made out by a majority of the members of the town board. That was not done here. 1 Mason Minn. St. 1927, § 1064, requires that the town clerk keep a record of all proceedings. There was no record of any contract. While we do not hold that an enforceable contract cannot be entered into by a town board unless there is a compliance with the provisions of the sections just cited, the failure so to comply does indicate an intention on the part of the town board not to make a contract.

It would be difficult indeed to find that Peterson was an independent contractor. The town board retained the right of control, and, under our decisions, Nesseth v. Skelly Oil Co. 176 Minn. 373, 223 N. W. 608, and Larson v. Duluth Woolen Co. 181 Minn. 417, 232 N. W. 915, that is one of the important factors in determining if an independent contractual relationship exists. Here it is apparent that Dahnert was an employe of the township.

Fifty dollars attorneys' fee is allowed to petitioner.

Affirmed.