## AGNES WHITTED v. TOWN OF PONTO LAKE.[1]

April 5, 1940.

No. 32,341.

*Ryan, Ryan & Ryan,* for relator.
*DeLury & Peterson,* for respondent.

PER CURIAM.

*Certiorari* to review an order of the industrial commission awarding compensation to the dependents of one Claude Whitted, who died on February 21, 1939, as a result of injuries sustained on February 4, 1939, while engaged in removing snow from a township highway in the town of Ponto Lake, Cass county.

Relator is a public corporation. Its town board has jurisdic-

[1]Reported in 291 N. W. 509.

tion over all township highways. At the annual meeting in 1937 the electors of the town voted to expend $100 for the purpose of removing snow from the highways during the winter of 1937-1938. Decedent was engaged to do the work. He was to be paid at the rate of $1.50 per hour for his services and for the use of his truck and plow. A member of the board went with Whitted on his first trip to show him the roads. Decedent plowed them when needed and filed his bills with the clerk for allowance. The work was done in a satisfactory manner, and all bills were paid. Snow conditions were such that year that only a part of the fund was used.

A similar amount was voted by the electors of the town in 1938 for snow removal purposes for the winter of 1938-1939. In the fall of 1938 the board met, and, according to the minutes of the meeting, "it was decided to let Claude Whitted do the snowplowing." Decedent was told to proceed with the work on the basis paid the previous year and to keep the roads open until the appropriation was exhausted.

The record indicates that Whitted kept the roads open during the second year until the early part of February, 1939, when, because of a complaint by a town board member that the money allotted for snow removal purposes was being exhausted too quickly, he threatened to discontinue operations. On February 4, 1939, the other two members of the board talked with Whitted and persuaded him to continue with the work. They offered to furnish two shovelers to be paid by the town, and there was some talk about the town furnishing an additional truck to assist with the work. Thomas LaBeau, one of the shovelers so engaged, testified that during the conversation between Whitted and the two members of the board one of them designated the roads that were to be plowed when operations were resumed. Whitted proceeded with the work, and on the afternoon of February 4, while removing snow from one of the roads so designated, received the injury from which he died a few days later.

The case presents only one question, and that is whether the relationship of employer and employe existed between the parties

at the time of the injury. The referee found that it did, and the commission affirmed that finding.

Relator contends that Whitted was an independent contractor. It admits the presence of all of the factors essential to the employe-employer relationship except that of the right of control and denies the existence of any evidence showing such right. The right of control is an important factor in determining the relationship existing between the parties. Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; Nesseth v. Skelly Oil Co. 176 Minn. 373, 223 N. W. 608; Larson v. Duluth Woolen Co. 181 Minn. 417, 232 N. W. 915; Dahnert v. Township of Otisco, 196 Minn. 478, 265 N. W. 291.

In our opinion, there was ample evidence from which the commission could find that such right existed. Decedent was shown the town roads which were to be kept clear of snow at the commencement of his work the first year. There was testimony to the effect that on the day of the accident he was told to work on designated roads and that he was working on one of the roads so designated at the time of his injury. It is conceded that he was furnished assistance of shovelers on that occasion. This would not be required if he were an independent contractor as claimed by relator. The very nature of the work was such that it indicated very strongly the relationship of employer and employe between the parties. It could have been terminated at any time by either of them; in fact, it appears that decedent was about to terminate it on the day of his injury. Exercising the right of control did not require a representative of the town to request Whitted to begin work after each snowstorm or to accompany him in the work and point out each place on the road to be plowed. A direction to plow the town roads when and where needed was sufficient. We believe the record compels the conclusion that the relationship existing between the parties at the time was that of employer and employe.

Respondent is allowed $100 attorney's fee.

Writ discharged and order affirmed.