WILLIAM CURTIS v. CLIFFORD HEDEEN AND ANOTHER.[1]

February 14, 1941.

No. 32,624.

[1]Reported in 296 N. W. 495.

*Lystad, Mantor & Day* and *Lincoln Arnold,* for relators.

*Lawrence Hazen,* for respondent.

STONE, JUSTICE.

*Certiorari* to the industrial commission to review an award of compensation.

In July of 1939, Hedeen was performing a contract for the excavation of gravel and placing it on a highway in Marshall county. Mr. Curtis was regularly employed with his truck in hauling the gravel.

Hedeen had a "cook truck" with equipment which was maintained at the camp for boarding employes. About one-half of the 60 or more on the job patronized it. At the beginning of the work in the spring Hedeen had arranged with Mrs. Curtis to take over the "cook truck." Their agreement was that she should charge the men one dollar a day for their meals; that she should buy the supplies and pay all expenses; and that all profits or losses should be hers. The record does not show that Hedeen retained any right of control whatsoever over her operations except that impliedly, if not expressly, he had the right to dictate when meals should be served. It was understood that Mr. Curtis should do such "heavy work" about the kitchen as Mrs. Curtis could not do herself. He became the "flunkey" and, as such, hauled the water and fuel for Mrs. Curtis. His injury was sustained, not in hauling gravel for Hedeen, but while he was replenishing the water supply for the "cook truck."

The determinative question is whether Mrs. Curtis was running the "cook truck" as employe of Hedeen or as independent contractor. The facts compel the latter view. They negative the idea that Mrs. Curtis was an employe. Under special contract,

she was operating the camp dining room, not for wages, but as a business of her own.

The contract between Mrs. Curtis and Hedeen was to continue "for the summer," so neither party without cause had the right to terminate it. Mr. Hedeen's testimonial declaration that he had the right to terminate it at will was simply his erroneous and irrelevant opinion.

Plainly, Mrs. Curtis was operating the "cook truck" as an independent contractor. Tschida v. Bratt, 179 Minn. 277, 228 N. W. 935; Moore v. Kileen & Gillis, 171 Minn. 15, 213 N. W. 49; Ledoux v. Joncas, 163 Minn. 498, 204 N. W. 635; Schoewe v. Winona Paint & Glass Co. 155 Minn. 4, 191 N. W. 1009; cf. Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; Olson v. Eck's Homemade Sausage Co. 194 Minn. 458, 261 N. W. 3; Wicklund v. North Star Timber Co. 205 Minn. 595, 287 N. W. 7. In assisting his wife, then, Mr. Curtis was not an employe of Hedeen.

It may be that the original contract with Hedeen was made with both Mrs. Curtis and her husband rather than with her alone. If so, it matters not. In the one case, Mr. Curtis was working at the moment of injury, not as the employe of Hedeen, but as the "marital partner" of his wife. In the other, his service was for his wife rather than Hedeen. For his service, he expected no wages from Hedeen, and the latter had no right of control over him.

For respondent, there is argument that his services as flunkey were menial and so within the rule of Wass v. Bracker Const. Co. 185 Minn. 70, 240 N. W. 464. But the fact remains and is decisive that Mr. Curtis, at the determinative moment, was not in the employ of relator.

It follows that the award must be reversed with directions to deny compensation.

So ordered.