## CLAYTON BOLIN v. JOHN SCHEURER, JR., CITY OF MANKATO, AND ANOTHER.[1]

March 28, 1941.

No. 32,649.

C. J. Manahan, for relator.

L. N. Foster and E. A. Linnee, for respondents City of Mankato and its insurer.

[1]Reported in 297 N. W. 106.

HILTON, JUSTICE.

On *certiorari* to the industrial commission, we must review a finding that when injured, Clayton Bolin, the claimant, was the employe of and entitled to compensation from John Scheurer, Jr. and not the city of Mankato.

Scheurer, an excavating contractor, owned and operated a gasoline shovel and two trucks. Since June, 1939, Bolin had driven one of these trucks on various projects, for which he received an hourly wage. Having heard that Mankato would be needing excavating facilities for reducing certain street surfaces to proper level after installation of curb and gutter, Scheurer, in October, 1939, solicited work from a member of the city council. He was referred to A. M. Kircher, the city engineer, pursuant to an understanding that Scheurer, who was indebted to the city, would be given "enough work to pay the bill to the city, and perhaps a little more."

Kircher took Scheurer to Mulberry street and gave him directions relative to depth of excavation and place of dumping the dirt. Payment was to be made on a 35-cents per yard basis, and Scheurer was to keep a record of all loads. No agreement or understanding was made as to any definite amount or duration of the work. Entering upon performance, Scheurer operated the shovel and Bolin drove one of the trucks between the place of excavation and dumping. On the third day while returning from a trip, Bolin was severely injured when his truck left the road. Scheurer did not finish Mulberry street or receive any further work on other streets. For his six-days work, Scheurer was paid $107 after the $18 owing the city had been deducted.

In reaching a decision in this case we will consider two relationships, that of Scheurer and Mankato and that of Bolin and Mankato. A determination that the former is one of employment is necessary to a decision contrary to the commission. "One who is hired and paid by an employe to help in performing the employer's work with the latter's consent and subject to his control

as to the details of the work is an employe of the employer." Byhardt v. Ballord, 209 Minn. 391, 394, 296 N. W. 504, 505. We have said that the determinative relationship is the one of the parties standing in the shoes of Scheurer and Mankato. Curtis v. Hedeen, 209 Minn. 396, 296 N. W. 495. This is determinative because the person standing in the position of Bolin usually is subject to the exercise of the authority and control required by Byhardt v. Ballord, *supra*.

Whether the relationship between Scheurer and Mankato was one of independent contract or employment is to be determined by the application of certain tests to the particular facts here presented. The most important element for determining the existence of an employment relationship is "the right of the employer to control the means and manner of performance." Lemkuhl v. Clark, 209 Minn. 276, 277, 296 N. W. 28, 29. It is in the application of this test that difficulty arises. Patently, "means and manner" necessarily vary in kind and degree with each fact situation. Here the "means" were the facilities essential to excavation, and the "manner" was the way in which these means were used to achieve the desired objective. From an examination of the terms of the contract, express or implied, and all other material facts and circumstances, we must determine whether this right of control belonged to Scheurer or Mankato.

Admittedly, a complete reconciliation of all the evidence in this case with either contract or employment relationship is difficult. However, we have concluded that the evidence taken as a whole compels a finding contrary to that arrived at by the commission.

In addition to the conspicuous informality and lack of definiteness in the arrangements between Scheurer and Mankato, *cf.* Mooney v. Township of Stony Run, 203 Minn. 461, 281 N. W. 820, uncontradicted testimony establishes as fact that no definite agreement was made as to extent or duration of the work. Lynch v. Hutchinson Produce Co. 169 Minn. 329, 211 N. W. 313. Mankato retained full authority to decide whether the excavation work

would be done by Scheurer, or by others, or by itself. See Herron v. Coolsaet Bros. 158 Minn. 522, 527, 198 N. W. 134. The city exercised this power by deciding to complete all excavation work on Mulberry and other streets with its own facilities. Wholly absent was an obligation upon Scheurer, essential to independent contract, to bring about some end result or objective. Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N. W. 421. In reserving dominion to decide when Scheurer had received "a little more" than sufficient to liquidate his indebtedness to Mankato, the city had an unfettered right of discharge or termination. See Lynch v. Hutchinson Produce Co. 169 Minn. 329, 331, 211 N. W. 313. About all that their contract contemplated was that Scheurer should continue working until told to quit. This reserved power of discharge assured to Mankato full control over performance.

In face of these facts, it was improper for the commission to conclude that because Scheurer usually accepted work under an independent contract therefore that was the arrangement upon this occasion. Though evidence of Scheurer's avocation and practice in accepting jobs was certainly relevant, it was not at all controlling over the particular circumstances here disclosed. Krause v. Bodin, 172 Minn. 467, 215 N. W. 838; cf. Wass v. Bracker Const. Co. 185 Minn. 70, 76, 240 N. W. 464. These circumstances provide as convincing evidence of Mankato's unencumbered right of control over the progress, duration, and manner of performance as can be imagined.

Since it is the right of control or interference with performance which is determinative of the existence of an employment relationship, absence here of a detailed exercise of this right by Mankato is not conclusive. Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N. W. 421; Wass v. Bracker Const. Co. 185 Minn. 70, 240 N. W. 464; Krause v. Bodin, 172 Minn. 467, 215 N. W. 838. Nevertheless, to an important degree, the city, through its street foreman, did supervise the course of performance by indication of the depth of excavation desired and the place of deposit wanted. See Rouse

v. Town of Bird Island, 169 Minn. 367, 369, 211 N. W. 327. Moreover, had any issue arisen between Mankato and Scheurer as to method, manner, or details of performance, the city, through its reservation of power to control and supervise the progress and direction of the work, could have dictated the decision. Traditionally, we have attributed significance to this consideration. Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134.

In no way can the necessity for a decision adverse to the commission be better presented than by brief review of the testimony of Mr. Kircher, the only witness for the city. He insisted that there was no "contract" between Mankato and Scheurer, no understanding as to any definite "amount" of work, no "estimate" of cost or public "bids" as required by ordinance, and no "claim" against Scheurer for not finishing Mulberry street, because the city had no "contract" with him. While Scheurer was responsible for the "manner" in which the work was done, he had no responsibility as to any end result. Indeed, the city had "supervision" over how the work was done. Thus, said Kircher, the city could do the work itself or through others. The city's only interest in Scheurer was to give him enough work to pay his debt to the city.

Our conclusion that Scheurer was an employe of Mankato is preliminary to the further conclusion that as helper of Scheurer, Bolin too was employed by Mankato. Clearly, the fact that Bolin was entitled to wages from Scheurer and not Mankato is not decisive against the existence of the requisite relationship. Byhardt v. Ballord, 209 Minn. 391, 296 N. W. 504. If Scheurer had been injured and had sought compensation from the city, the fact that he employed helpers like Bolin would not, *ipso facto*, have made him an independent contractor. Lynch v. Hutchinson Produce Co. 169 Minn. 329, 331, 211 N. W. 313. Neither can the mere right to receive wages from Scheurer operate to bar Bolin's assertion of an employment relationship between himself and Mankato. Plainly, Mr. Kircher's testimony reveals that the city knew that helpers were essential and that their presence on the job was expected. Through its unfettered control over Scheurer,

Mankato could have supervised and controlled the details of Bolin's work. Thus all factors deemed essential by Byhardt v. Ballord are present here, and the existence of the necessary relationship between Bolin and Mankato conclusively follows. *Cf.* Dahnert v. Township of Otisco, 196 Minn. 478, 265 N. W. 291; Wicklund v. North Star Timber Co. 205 Minn. 595, 603, 287 N. W. 7; Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134.

The order under review is reversed with directions to allow claimant compensation against the city of Mankato. The relator is allowed $100 as attorney's fees.

So ordered.

HOLT, JUSTICE (dissenting).

I dissent. It seems to me we usurp the function of the commission. If Bolin had sued the city of Mankato for his wages during the time he worked for Scheurer, could the court have directed a verdict in his favor? I think not. Scheurer hired and paid Bolin. Even if Scheurer be considered an employe of the city instead of an independent contractor, there is no authority shown to hire Bolin or any other man to work for the city. An employer is defined by the workmen's compensation act thus: "The term 'employer' as used herein, shall mean every person not excluded by section 8, who employs another to perform a service for hire and to whom the 'employer' directly pays wages," etc. 1 Mason Minn. St. 1927, § 4326(d). The city, according to this record, did not hire nor pay Bolin. Scheurer did, and I think the commission had ample warrant to so conclude from the evidence herein.