PERHAM v. AMERICAN ROOFING CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—INDEPEN-
DENT CONTRACTOR.

> Where claimant's husband had been employed for more
> than a year at irregular intervals by a roofing company,
> at a daily wage, laying roofs, and was accidentally killed
> while laying a roof for the same firm, which he had taken
> by the job, to be paid for at so much per square, he was
> not a servant or employee entitling claimant to compensa-
> tion under the provisions of the workmen's compensation
> law (Act No. 10, Extra Session 1912, 2 Comp. Laws 1915,
> § 5423 *et seq.*), but was an independent contractor. *Gall*
> v. *Journal Co.*, 191 Mich. 405 (158 N. W. 36).

Certiorari to the Industrial Accident Board. Sub-
mitted June 21, 1916. (Docket No. 12.) Decided
September 26, 1916.

Edith May Perham presented her claim against Al-
bert J. Berschbach and Michael J. Herz, copartners as
the American Roofing Company, employers, and the
General Accident, Fire & Life Assurance Corporation,
Limited, insurers, for compensation for the death of
her husband in defendants' employ. From a judgment
for plaintiff, respondents bring certiorari. Reversed,
and award set aside.

*Ralph B. Lacey*, for appellants.

*Albert J. Hetchler*, for appellee

The facts are not in dispute. Briefly stated, they
are as follows: Prior to July 1, 1914, for a period of
more than one year, Albert E. Perham was employed
by the American Roofing Company, a partnership, at
irregular intervals, as its contracts required, at a daily

wage of $3, laying roofs. Whether he laid other than slate roofs does not appear. On or about July 1, 1914, the American Roofing Company had to lay the roof on the Webber residence in Detroit, and Perham applied to both members of the firm for the job of laying the slate for $1.75 per square. To this the firm agreed. Perham at once, or soon, arranged with another workman, Anderson, to do the job with him, they to divide, and a boy was borrowed from the firm, but paid by Perham, as helper. On the 6th of July, while working on the Webber residence, under the said arrangement, upon a scaffold which he had built in a dormer window, Perham fell with the broken scaffold to the ground, the injuries he received resulting in his death. The material employed in roofing was furnished by the American Roofing Company, as well as scaffolds, scaffold hoist, and a slate machine. Anderson, whom Perham had secured to do the job with him, finished the work according to the original arrangement. Perham had already been paid $20 on account, which sum he divided with Anderson. The widow presented a claim for compensation, and two members of the arbitration committee awarded her the sum of $8.65 a week for 300 weeks from July 6, 1914. The Industrial Accident Board, on appeal, affirmed the award. Upon this writ two points are raised: One that Perham was not a servant or employee of the American Roofing Company when he received his injury, and was an independent contractor; the other, a minor one, that the award is too large by 58 cents per week.

OSTRANDER, J. (after stating the facts). The facts import, not a contract to lay slate at a price per square, instead of by the day, but a contract to do a job of slate laying. It is as though Perham had measured the roof, found the number of squares, and, multiplying by the price per square, had contracted to do the

job for a sum certain. It was a necessary implication that the work was to be done in a workmanlike and proper manner, the premises being considered. Perham was in the exercise of an independent and distinct employment, not under the immediate control, direction, or supervision of the American Roofing Company.

In principle, the point is ruled by *Gall* v. *Detroit Journal Co.*, 191 Mich. 405 (158 N. W. 36). The opinion in that case contains a reference to the former decisions of this court.

It follows that the second point is unimportant, and that the conclusion of the Industrial Accident Board was wrong, and must be set aside. It is so ordered.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.