F. J. HOLMBERG v. GABRIEL AMUNDSON AND ANOTHER.[1]

No. 27,054.

March 28, 1929.

[1]Reported in 224 N. W. 458, 225 N. W. 439.

*Wright & Wright* and *Jerome Jackman,* for relator.

*Junell, Dorsey, Oakley & Driscoll,* for respondent Amundson and Ocean Accident & Guarantee Corporation, Ltd., insurer.

STONE, J.

Certiorari to the industrial commission to review a denial of compensation.

The relator was injured while doing tin work on a house under construction by Gabriel Amundson. The latter was a general contractor but was building this house for himself. Naturally therefore he was giving the work close supervision and in fact was overseeing the work of relator at the time of the accident—the fall of a scaffold which resulted fatally to Mr. Amundson himself. That direction of relator's work is of course persuasive on the question whether Amundson so far had the right of control as to make relator his employe. The evidence would easily sustain a conclusion to that effect. But the burden was upon relator, and there is enough of reasonable inference to be drawn from the whole evidence so that we are unable to disturb the adverse finding by the industrial commission.

There is no direct proof of the actual agreement. But there is evidence not only that it was Mr. Amundson's custom to have the tin work on dwellings erected by him done by an independent contractor but also that relator was at the time of his injury such a contractor rather than an employe. His name did not appear on the Amundson payroll. After Amundson's death he had the tin work finished by others as though he had been so obligated by contract. A bill subsequently rendered, though otherwise explained by relator, on its face indicates that the job was done under contract for a lump sum for the labor, the materials going in at cost.

True, relator's testimony taken alone all favors the idea that he was a mere employe. But, as already indicated, there is evidence

so reasonably supporting inferences to the contrary that the decision of the industrial commission cannot be disturbed.

Order affirmed.

ON APPLICATION FOR REHEARING.

On May 17, 1929, the following opinion was filed:

Workmen's Compensation Acts—C. J. § 112 p. 115 n. 23; § 127 p. 123 n. 41.

---

See 28 R. C. L. 829; 4 R. C. L. Supp. 1872; 5 R. C. L. Supp. 1581; 6 R. C. L. Supp. 1766; 7 R. C. L. Supp. 1011.

STONE, J.

The petition of the employe-relator for a rehearing is denied. But its criticism of the statement in the opinion that "there is no direct proof of the actual agreement" is well taken to the extent that the relator did testify that his "arrangement" with Amundson "was a dollar an hour, plus the material." In form, that is direct proof, but taken with the whole record it does not answer unequivocally the question whether the "arrangement" made relator a mere employe or an independent contractor. On that issue we have studiously re-examined the entire record and are confirmed in the conclusion that it presents a question of fact upon which the finding of the industrial commission is final.

The burden of proof was on relator, and his own testimony is not of such unequivocal character as to compel a finding in his favor. He admitted being told by Amundson that the latter "said he had a number of bids on the job;" that he then told Amundson that he "could do the job cheaper than anybody else;" that he "looked at the plans," figured the work, and told Amundson "just about how much it would run to." In that connection is exhibit 10, which relator, while hesitant and possibly evasive about it, admitted "might have been" an estimate submitted to Amundson for the tin work on the house on which he was injured. That conclusion is tenable. If it was, and the referee said that "in all probability" it was, it is alone sufficient to sustain the conclusion that relator did the work in question as an independent contractor rather than a mere employe.