## JOHN LAMPI v. PAAVO KOPONEN AND ANOTHER.[1]

July 5, 1929.

No. 27,330.

[1]Reported in 226 N. W. 475.

134

O. J. Larson, for relators.

Toivonen & Harri, for respondent.

DIBELL, J.

Certiorari on the relation of Paavo Koponen and Manu Nevala, copartners, to review the order of the industrial commission awarding to John Lampi compensation for an injury which it found that he sustained while in their employ.

In the spring of 1928 the relators, Koponen and Nevala, were engaged in getting out forest products from lands in St. Louis county. The respondent and two others cut and piled the timber on one 80. They worked separately. The defendants furnished the tools and a house free of rent, in which Lampi and the others lived, Lampi's wife keeping house for them. When Lampi agreed with the defendants to cut the timber there was some talk whether he would cut the whole 80 or some of his friends would help. There was some sort of an understanding that his friends likely would work on the 80, and two came with him and later a third came. Payment was made on the basis of an agreed amount per piece of timber cut and piled. The defendants inspected and counted and paid each for the work which he did. There is nothing in the evidence requiring a finding that Lampi was an independent contractor, furnishing the men and agreeing to cut the timber from the whole 80, nor that the three jointly undertook the work as independent contractors. The cases involving instances of independent contractor are collated in Nesseth v. Skelly Oil Co. 176 Minn. 373, 223 N. W. 608. Nor does the evidence require a finding that Lampi, in what he did personally, was an independent contractor. In this aspect of the case, State ex rel. Virginia & R. L. Co. v. District Court, 128 Minn. 43, 150 N. W. 211, is quite in point. The finding of the commission that Lampi was an employe is sustained and was the one proper to be made.

■ Lampi claims that on April 14, 1928, when chopping, a twig hit him in the eye and the injury resulted in its subsequent loss. He did not go to a physician at once but applied treatment at home. On April 27 he went to a Duluth specialist, who examined him and testified at the trial. His evidence supports Lampi's claim of an injury at the date stated resulting in what is often termed the industrial loss of an eye. The evidence is quite enough to sustain the commission's finding that the injury to the eye on April 14 resulted in its loss. A physician who examined Lampi about the time of the trial and testified for the relators was not able to find a recent cause for the loss of sight; but he conceded that, if the conditions found by Lampi's physician at an earlier time existed, the injury accounted for the loss and that such physician had a better opportunity of determining the fact than he. It is true that Lampi did not go to a physician at once and that he did not speak of his injury or suffering on occasions when naturally he might have mentioned them; but some are stolid in the presence of pain and say so little of their ills that not much is to be made of their silence. A different finding of the cause of the loss of Lampi's eye, even if sustainable, would seem questionable.

An attorney's fee of $75 in this court is allowed.

Order affirmed.