# CHARLES REIGEL v. J. B. FINCH TIMBER COMPANY, INC.[1]

January 9, 1931.

No. 28,222.

*Mitchell, Gillette & Carmichael,* for relator.
*C. H. Schaefer,* for respondent.

DIBELL, J.

Certiorari to review the order of the industrial commission awarding the plaintiff compensation under the workmen's compensation act, G. S. 1923 (1 Mason, 1927) § 4261, et seq.

The plaintiff owned a 40-acre farm two miles from Deer River and lived upon it. He worked for the loggers about Deer River where there were logging yards. The defendant had some piles stored on skids there. The plaintiff had helped unload and stack them a year or so before.

In August, 1929, the defendant, which had its office in Duluth, some 90 or 100 miles away, inquired of the plaintiff by telephone whether there was a carload of piling of specified sizes on the skids and whether he could load a car. It received an affirmative answer.

[1]Reported in 234 N. W. 452.

Thereupon it directed him to cut the piling into the required sizes and load and ship a carload to a given address in Superior. He was to get help. It was a rush job, and anyway one man could not do it.·

It was necessary to do some cutting to make the piles conform to the desired lengths. The plaintiff and three others did the cutting and the loading, and in the course of the work he was injured. The going rate for cutting was 40 cents per hour. The going rate for loading was one cent per lineal foot. He was paid on that basis. All who worked were paid on the same basis.

The relation of employer and employe between the defendant and the plaintiff was rightly found by the commission. The defendant knew the plaintiff and apparently because he was efficient and trustworthy obtained the necessary information and intrusted him with the work of going forward. He got nothing additional. The pay for the work was sent him, and he divided it among the workers on the basis of the work they did. He was working at laborer's wages. He made no profit or loss.

There is some claim in the briefs that Reigel was an independent contractor. The evidence does not require a finding to that effect and perhaps would not sustain it. He was working for hire and was an employe within the definition of the compensation act, G. S. 1923 (1 Mason, 1927) § 4326(f), (g)(2), § 4268. It hardly would be different if the defendant had sent its men from Duluth. It properly took advantage of its acquaintance with the plaintiff and his ability to do the slight supervision required. He was not conducting a business or contracting for himself. He was not hiring men and doing a contract job, He was working for hire for the defendant at a fixed price per hour for cutting and a specified price per lineal foot for loading. He was getting wages. Those working with him were not working for him; they were working for the defendant. It is a waste of space to discuss the cases at length. The following may be cited. Gahr v. Strout, 179 Minn. 395, 229 N. W. 340; Tschida v. Bratt, 179 Minn. 277, 228 N. W. 935; Lampi v. Koponen, 178 Minn. 133, 226 N. W. 475; Nesseth v. Skelly Oil Co.

176 Minn. 373, 223 N. W. 608; Schonberg v. Zinsmaster Baking Co. 173 Minn. 414, 217 N. W. 491; Rouse v. Town of Bird Island, 169 Minn. 367, 211 N. W. 327; Lynch v. Hutchinson Produce Co. 169 Minn. 329, 211 N. W. 313; Angell v. White Eagle O. & R. Co. 169 Minn. 183, 210 N. W. 1004; Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134. Many others are cited and digested in 6 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 10393-10395.

The case is not ruled by the following where the relationship was held as a matter of law or found as a fact to be that of independent contractor. Moore v. Kileen & Gillis, 171 Minn. 15, 213 N. W. 49; Ledoux v. Joncas, 163 Minn. 498, 204 N. W. 635.

Order affirmed.