McCORMICK v. SEARS, ROEBUCK & CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—INDE-
PENDENT CONTRACTOR.

Where plaintiff contracted in writing to take roofing jobs in
certain territory for certain period, for which defendant was
to furnish material and pay plaintiff so much per square, and
plaintiff was to employ at his own expense all help and dis-
charge same at will, and have complete supervision and con-
trol over them, he was not an employee within the meaning
of the workmen's compensation act, but was an independent
contractor.

2. SAME—RIGHT TO INTERFERE WITH WORK RATHER THAN ACTUAL
INTERFERENCE IS TEST OF RELATIONSHIP.

Whether relationship of master and servant exists is to be meas-
ured by terms of contract when in writing, and where con-
tract provided that contractor was to control the workmen
and the work, said relationship is not established by actual
acts of interference by owner with workmen and manner of
doing work; right to interfere and to control being the test
and not the fact of actual interference.

Appeal from Department of Labor and Industry.
Submitted April 14, 1931. (Docket No. 83, Calendar
No. 35,558.) Decided June 1, 1931.

Earl McCormick presented his claim against
Sears, Roebuck & Company for compensation for
accidental injuries received while in defendant's
employ. Defendant appeals from an award of com-
pensation. Reversed.

*D. G. F. Warner,* for plaintiff.

*Carton, Gault & Parker,* for defendant.

McDONALD, J. The plaintiff presented a claim to
the department of labor and industry to recover

Circumstances under which the existence of relationship of em-
ployer and independent contractor is predicable, see annotation in
19 A. L. R. 1168.

Independent contractor as workman or employee within meaning of
workmen's compensation act, see annotation in L. R. A. 1916A, 118,
247; L. R. A. 1917D, 148; L. R. A. 1918F, 206.

compensation for accidental injuries sustained while in defendant's employ. Defendant denied liability on the ground that at the time of the accident plaintiff was not an employee but an independent contractor. From an award in favor of the plaintiff the defendant has appealed.

The material facts are not in dispute. On February 20, 1930, the parties entered into a written contract wherein it was agreed that for a period of one year from date the plaintiff would accept any roofing job tendered to him by the defendant within 30 miles of the city hall in the city of Flint, Michigan, that he would perform all jobs in a workmanlike manner and in accordance with specifications contained in estimate sheets furnished by the defendant; that he would employ at his own expense all workmen engaged in and about the work, discharge them at will, and have complete supervision and control over them; that he would make good any defect in workmanship; that he would return to defendant all ladders, scaffolding, and equipment loaned to him for use in the work, and, in case of any damage thereto, allow the defendant to deduct the same from any money due to him; that on all jobs he would save the defendant harmless from demands for compensation, protect defendant against all liens, claims for damages, lawsuits, and claims of every nature arising out of the performance of the work; that defendant would furnish all material used on the job and pay to the plaintiff as compensation so much per square of the actual roofing.

On June 2, 1930, the plaintiff was accidentally injured while working on a roofing job taken by him in accordance with the terms of the contract.

The department of labor and industry was not pleased with this contract. It correctly character-

ized it as unfair to the plaintiff and as a studied attempt to avoid the provisions of the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*). Nevertheless, the plaintiff had a right to make it and presumably he did so voluntarily. If it was in force and effect at the time of the accident, and the work he was doing was being done under its terms and provisions, he must be held to have been an independent contractor. It gave him the right to control the work and the workmen, to hire and to discharge them at will, and required him to pay them out of his compensation. It provided that he should do the work according to specifications furnished by the defendant, and to make good any defects in workmanship. In short, it was a contract to do a job of rooflaying with full control of the work and means of accomplishing it. In doing this work he was an independent contractor. *Perham* v. *American Roofing Co.*, 193 Mich. 221; *Carleton* v. *Foundry & Machine Products Co.*, 199 Mich. 148 (19 A. L. R. 1141).

The department of labor and industry reached a different conclusion, evidently on the theory that the defendant departed from the contract by assuming to hire and discharge workmen and to control the plaintiff in the manner of doing the work. If the contract rested in parol, the defendant's conduct would be strong evidence of the relationship of employer and employee; but it was in writing and the relationship of the parties must be measured by its terms and provisions. Moreover, actual interference or actual control is not the test of the relationship. In *Tuttle* v. *Embury-Martin Lumber Co.*, 192 Mich. 385 (Ann. Cas. 1918C, 664), it was said:

"It is not the fact of actual interference with the control, but the right to interfere, that makes the

difference between an independent contractor and a servant or agent.''

By the provisions of the contract, the right to control was in the plaintiff, and the fact that there was actual interference by the defendant with his right did not change the relationship established by the contract.

As the relation of employer and employee did not exist between the parties, the plaintiff was not entitled to compensation. The award is reversed.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.