## THOMAS BARKER v. BEMIDJI WOOD PRODUCTS COMPANY.[1]

October 30, 1931.

No. 28,618.

[1]Reported in 238 N. W. 692.

*Thayer C. Bailey,* for relator.

*C. H. Schaefer,* for respondent.

DIBELL, J.

Certiorari on the relation of the defendant to review the order of the industrial commission awarding compensation to the plaintiff under the provisions of the compensation act. G. S. 1923 (1 Mason, 1927) § 4261, et seq.

Thomas Barker, designated as plaintiff, owned a gasolene truck. He hauled timber products, principally jack pine bolts, to the plant of the Bemidji Wood Products Company, designated defendant, from a point 28 miles south of Bemidji. He received an injury through the crushing of a finger when unloading in the defendant's plant at Bemidji. The only question is whether he was an employe within the meaning of the compensation act. G. S. 1923 (1 Mason, 1927) § 4261, et seq. The defendant claims that he was an independent contractor; the plaintiff that he was an employe.

The evidence is hardly in dispute. The plaintiff received an agreed price per cord for hauling. He did not work all the time. The work at hand was not constant. When the yards were full, deliveries were stopped or curtailed. Then the plaintiff had no work or a limited amount. But in a general way he was working for the company with regularity. The timber was gotten out in the woods by men employed by the defendant. Loaders were furnished by the defendant to help load. There was a man supervising. When the plaintiff reached the yard, other men employed by the defendant helped unload. There was a man there who scaled to determine the number of cords; and the plaintiff was subject to directions as to where the timber should be unloaded. There was very little supervision; very little was needed. The plaintiff worked in co-operation with other men employed by the defendant; and, once started, the work went on with a minimum of control in details. The defendant could terminate the plaintiff's work at any time, and the plaintiff could stop when he chose.

The case presents the question whether the plaintiff was an employe of the defendant or an independent contractor. No definition of the relationship has been formulated which makes the solution of particular cases free from difficulty. One case may be clearly that of employer and employe; another clearly of independent contractor; and another may be perplexing and uncertain and involve a question of fact. State ex rel. V. & R. L. Co. v. District Court, 128 Minn. 43, 150 N. W. 211 (injured person getting out timber on piece basis; inspector and foreman inspected once a week; controlled his own time; finding that he was employe held sustained by the evidence); Schoewe v. Winona P. & G. Co. 155 Minn. 4, 191 N. W. 1009 (blacksmith, at request of defendant, went to its warehouse and did work on elevator; defendant furnished part of tools; others borrowed by workman from another shop; finding that he was an independent contractor sustained); Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134 (injured person owning team and wagon hauled sewer pipe for city contractors; agreed price per ton; held as a matter of law employe under compensation act and not independent contractor); Ledoux v. Joncas, 163 Minn. 498, 204 N. W. 635 (workman drowned while reclaiming sunken logs from Mississippi river; defendant provided necessary outfit; workman received pay per log at mill; provided own help; finding of court that plaintiff not an employe sustained); Angell v. White Eagle O. & R. Co. 169 Minn. 183, 210 N. W. 1004 (person killed was delivering oil for oil company; furnished the necessary teams, motive power, drivers, and extra labor; paid per gallon; held as a matter of law employe and not independent contractor); Lynch v. Hutchinson Produce Co. 169 Minn. 329, 211 N. W. 313 (well digger employed to dig well; paid on day basis; owned the machine and handled it himself; hired a man to assist; held an employe as a matter of law and not an independent contractor); Rouse v. Town of Bird Island, 169 Minn. 367, 211 N. W. 327 (person worked with team in hauling gravel for town constructing a road; killed in gravel pit; paid at an agreed price per load; held as a matter of law an employe and not an independent contractor); Moore v. Kileen & Gillis, 171 Minn. 15, 213 N. W. 49 (injured man owned

truck; used wherever he could get job; hauled camp supplies for defendant; not subject to control of defendant as to details; followed his own methods; finding of commission that he was independent contractor sustained) ; Nesseth v. Skelly Oil Co. 176 Minn. 373, 223 N. W. 608 (person injured in unloading tank car of gasolene; he furnished trucks and equipment; hired and paid necessary help; collected and remitted; finding of industrial commission that he was employe sustained) ; Lampi v. Koponen, 178 Minn. 133, 226 N. W. 475 (injured person getting out forest products; defendant furnished tools and free rent of house; payment made per piece; defendant inspected and counted; finding that workman was employe within compensation act sustained) ; Gahr v. Strout, 179 Minn. 395, 229 N. W. 340 (person injured was a painter and decorator; employed to paint front of store building at price per hour; defendant furnished material and ladder; finding that he was employe within act sustained) ; Reigel v. J. B. Finch Timber Co. Inc. 182 Minn. 289, 234 N. W. 452 (injured man cutting and loading on railroad car piling which was stored in logging yards; paid by hour for cutting and per lineal foot for loading; procured others to help him; finding of industrial commission that he was an employe within the compensation act sustained).

Other illustrative cases are found in 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 10395; 28 R. C. L. p. 760, §§ 55–57; Am. Dig. Master & Servant, §§ 360, 367. The case at bar is fairly within the cases cited sustaining a holding of the commission that the relationship was that of employer and employe within the compensation act; or those holding that as a matter of law such relationship existed. The case of Moore v. Kileen & Gillis, 171 Minn. 15, 213 N. W. 49, is particularly relied upon by the defendant and its application skilfully urged. It is perhaps the case most strongly in its favor. But in that case there was a lack of supervision and a lack of power of control. The workman was doing his work according to his own methods. It is properly distinguished. Besides, the finding of the commission there was that he was an independent contractor.

▮▮▮▮▮▮▮▮▮▮

Looking at it broadly, the plaintiff was doing services of a manual kind for the defendant. He was, as we think of it generally, a laborer and not a contractor. He was doing just the work that an employe of the defendant driving one of its own trucks would do. He was getting wages for work, not making profits on a contract. A holding that he was entitled to compensation is quite in accord with the general notion of the compensation act that the industry to some extent should carry the burden of accidental injuries though it is not at fault.

That the plaintiff was receiving pay per cord and not by day or by hour or by month is not important. This was but a way of fixing his compensation much as that of a pieceworker, which the compensation act contemplates. G. S. 1923 (1 Mason, 1927) § 4290.

The evidence sustains the finding of the industrial commission. The finding is not a doubtful one; perhaps it is a necessary one.

Order affirmed.

[1]Reported in 238 N. W. 695.