## FRANK J. LANGE v. AMERICAN SPAWN COMPANY AND ANOTHER.[1]

April 18, 1935.

No. 30,811.

*Bundlie & Kelley* and *L. E. Torinus, Jr.,* for relators.
*C. V. Hammerstrom,* for respondent.

HOLT, JUSTICE.

*Certiorari* to review an award of the industrial commission.

The relator American Spawn Company is engaged in producing mushrooms in certain caves in the locality known as Swede Hollow, St. Paul. It employed Mr. St. Claire, a carpenter, at an hourly wage to make certain repairs of the plant. Relator's manager, Mr. Glauner, inquired of St. Claire if he knew some competent workman to construct a partition in a cave and repair a rift in the ceiling thereof. This required a man who was a mason or bricklayer. St. Claire recommended respondent and left word with him to come to the caves to see the manager. He did come,

[1]Reported in 260 N. W. 298.

Glauner showed him where he desired the partition, and asked respondent what it would cost. Respondent, after taking some minutes to look over and estimate the job, told Glauner that he would furnish the materials needed and do the work for $80. Glauner thought the price too high, and respondent said he would accept $75. This sum was agreed to. In a few days the work was started and was finished except for a trowel or two of mortar to fill the rift in the ceiling. When respondent was in the act of applying this mortar the ladder on which he was standing fell, and in the fall his arm was fractured.

The finding that respondent was an employe of the relator spawn company when injured is challenged as not warranted by the evidence. We are unable to find any other reasonable conclusion or deduction from the evidence than this: That respondent was an independent contractor and not an employe of the spawn company. The workmen's compensation act recognizes that work may still be done under contract, no matter whether it be new construction or repairs. If ever repair work can be done under contract, this was so done. Respondent was not even requested to set a price on the material or upon the labor required. He agreed to furnish both for a lump sum. The company reserved no right to change the construction. It could not have stopped respondent from performance without making itself liable for the damages he would thereby sustain. Such damages would be measured by the difference between $75 and the cost of performance. It appears that more than one-half of the contract price went for the purchase of the material required for the job. There is not the slightest suggestion in the evidence that the spawn company, in having this partition constructed by an independent contractor, intended to evade the workmen's compensation act.

This case does not come within the piecework principle, nor those where the employe, in addition to his own work, furnishes team and rig and is paid by the load, cord, or ton, nor those where the one engaged makes an estimate of cost of work and materials but enters no definite agreement to do it for the estimate and is paid by the hour. The strongest case for respondent is Cardinal v.

Prudential Ins. Co. 186 Minn. 534, 243 N. W. 706. In Barker v. Bemidji W. P. Co. 184 Minn. 366, 238 N. W. 692, our prior border-line cases are cited and attention called thereto. We think respondent here is more clearly an independent contractor than anyone who, in the last named case, was cited as an example of such. Here there was a definite agreement to do a job for a set price, the job including both work and the required material, with no understanding as to the price of either separately.

We hold that the evidence does not sustain or justify a finding that respondent was an employe of relator American Spawn Company at the time he was injured. The evidence is conclusive that he was an independent contractor.

The award is vacated.