## IDA LEMKUHL v. A. J. CLARK AND ANOTHER.[1]

January 24, 1941.

No. 32,547.

*Durham & Swanson, Emmett O'Neill, R. W. Parliman,* and *Raymond E. Dana,* for relator.

*G. P. Mahoney* and *John S. Morrison,* for respondents.

LORING, JUSTICE.

*Certiorari* to review an order of the industrial commission affirming a referee's order of disallowance of compensation. The order is attacked by the widow of the deceased upon the ground that decedent at the time of his injury was an employe and not an independent contractor.

At the time of his injury deceased was engaged in painting a grain elevator owned by respondent. Deceased and one Auer, as partners, had solicited the job from respondent and submitted a bid of $148 for the completed work. A written contract had been executed and the work was in progress. The contract called for repainting and repairing the elevator and other buildings, replacement of broken siding, nailing of all loose siding, replacement of some cribbing, fixing parts of driveway, fixing all flashing, filling in shingles, repairing the transfer spout, painting signs; contractors to furnish all their own equipment, owner to

[1]Reported in 296 N. W. 28.

furnish the materials, and payment to be made upon satisfactory completion of all work.

Relator contends that the contract was one of employment and did not constitute the partners independent contractors because it was so vague and indefinite that the work could not be performed without close supervision and direction by the respondent; that the contract price was made in an endeavor to pay wages to the partners, who themselves did the work.

In determining whether the relationship is one of employe or independent contractor, the most important factor is the right of the employer to control the means and manner of performance. Other factors to be considered are mode of payment, furnishing of materials or tools, control of the premises where the work is to be done, and the right of the employer to discharge the employe-contractor. Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N. W. 421; 12 Minn. L. Rev. 83.

In the case at bar the partners were general contractors engaged in the painting and repairing of buildings, specializing in elevators and appurtenant buildings, and operating over a large area extending into three states. They sought the job of painting Clark's elevator and the buildings used in connection therewith. They carefully surveyed the yardage to be painted and conditions to be repaired and made a bid of $148, which was accepted, and a contract was drawn to cover the job. We find no evidence in the contract or in the record that Clark had or exercised control of the manner of doing the work or of anything relating thereto except possibly the designation of defects to be repaired. It is evident from the tenor of the contract that the partners were endeavoring to be independent contractors.

Relator's contention that the partners were merely endeavoring to make a contract by which they would get reasonable wages for the time they put in on the job is not conclusively brought out by the record. Relator's counsel ask:

Q. "In figuring the amount of your bid, you would take into consideration the size of the elevator and allow you and Mr. Lemkuhl so much an hour for your work * * *?

A. "That did not matter so much whether we made just expenses or made good, if we bid on a job, but we would like to make a little money on it."

Then followed some further leading questions in which counsel got the witness to say that the basis of their bids was ordinary wages. If the case were to turn on this question, it would be fairly an open question of fact for the commission, but we think that the record taken as a whole, including the contract, fully justified the finding of the commission that the partners were independent contractors and that the relation of master and servant did not exist.

The writ of *certiorari* is discharged and the decision of the commission is affirmed.