EVERETT R. BERGSTROM v. WALTER F. BREHMER AND ANOTHER.[1]

February 19, 1943.

No. 33,331.

[1]Reported in 8 N. W. (2d) 328.

*Sexton, Mordaunt, Kennedy & Carroll,* for relators.
*Carlson & Carlsen,* for respondent.

YOUNGDAHL, JUSTICE.

*Certiorari* to review an order of the industrial commission awarding compensation to respondent. The order of the commission is assailed upon the ground that respondent was not an employe of relator Walter F. Brehmer, but that he was an independent contractor. Brehmer was in the contracting business of building and repairing homes. He owned a truck and a small contracting outfit and maintained an office in his home at 2920 Emerson avenue south, Minneapolis. He had a contract to build a home for one Roy Nelson. Approximately two weeks prior to August 12, 1941, respondent and one Larson noticed that the house was about ready for shingling, and they stopped to inquire about doing the work. Larson talked to relator while respondent stayed outside and looked at the house. He told relator that he had a helper and that the price for the shingling would be $2.25 per square, which was based upon the union wage scale of $1.25 per hour. Relator said that he would let Larson know about the job. Some time later relator called and informed Larson he could have the work and that he should begin the next morning. While working on the roof on August 13, 1941, respondent injured his thumb, and Larson completed the job alone. Larson was paid

$38.25 by relator for the work. Upon finishing the shingling, Larson offered respondent one-half the amount received by him, but respondent accepted only $10. Larson and respondent did not keep an account of their time on the job nor check in and out with anyone. Relator kept no time record of them. He did not carry them on his payroll nor pay a social security tax on them. Respondent made no claim against relator for pay, nor did he ever have any conversation with him about compensation. At the time of this work, Larson and respondent had a sidewalk job together at so much per square, and Larson also finished this after respondent's injury.

When Larson and respondent came to work on August 12, 1941, relator pointed to one of his workmen and told them to help the workman put up the scaffolding. Larson and respondent furnished their own tools, and respondent furnished an automobile for Larson and himself to travel back and forth to work. Relator furnished the shingles, nails, flashing, valley tin, gutter tin, straight-edge, calking, and the brackets and planks for the platform and scaffolding. Relator instructed respondent how he wanted the flashing placed. He bent a shingle to show them how it was to fit. He instructed them to place the shingles so there would be $5\frac{1}{4}$ inches to the weather and told them to place a metal shingle between the wooden ones. They were also instructed how to place the shingles in the gutter in order to get proper drainage. Relator told them how far apart the shingles were to be spaced, how to install the drip tins, and instructed them to take off the roof boards at the dormers and to run the flashing up as far as possible.

After respondent was injured and Larson was working alone on a flat valley at the back of the house, relator came to him and said that he wanted the shingles spaced closer and explained just how he wanted them bent and how to calk them to prevent leaks. Larson testified that before commencing the job it was necessary to know how much shingle was to be left to the weather, how they

were to be laid along the gutter, and how the flashing was to be used.

■ The sole question presented to us is whether or not respondent was an employe of Brehmer. No definition of the relationship of employer and employe has been formulated which furnishes an easy solution for each particular case. As stated in Barker v. Bemidji Wood Products Co. 184 Minn. 366, 368, 238 N. W. 692, 693: "One case may be clearly that of employer and employe; another clearly of independent contractor; and another may be perplexing and uncertain and involve a question of fact." Prior borderline cases involving this issue were cited and discussed therein. A further consideration of these cases is unnecessary here. Although we have not attempted to phrase a definition applicable to all situations, a reasonable test has been laid down to serve as a guide. In Lemkuhl v. Clark, 209 Minn. 276, 277, 296 N. W. 28, 29, this court aptly said:

"In determining whether the relationship is one of employer or independent contractor, the most important factor is the right of the employer to control the means and manner of performance. Other factors to be considered are mode of payment, furnishing of materials or tools, control of the premises where the work is to be done, and the right of the employer to discharge the employe-contractor. Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N. W. 421; 12 Minn. L. Rev. 83."

Although in this case the contract was made between relator and Larson, yet relator knew that respondent was Larson's helper. One who is hired and paid by an employe to help in performing the employer's work, with the consent of the latter and subject to his control as to the details of the work, is an employe of the employer. Byhardt v. Ballord, 209 Minn. 391, 296 N. W. 504; Dahnert v. Township of Otisco, 196 Minn. 478, 265 N. W. 291; Herron v. Coolsaet Bros. *supra.*

In the instant case the contract of employment was not in writ-

ing, and was rather informal and indefinite. No time was specified for the completion of the work. Respondent and Larson were paid at the rate of $2.25 per square, which they calculated was approximately equal to a wage of $1.25 per hour union scale. Relator gave detailed instructions as to how the work was to be performed. He told respondent and Larson how to apply the flashing, the manner of putting on the shingles, the correct method of obtaining proper drainage, how to install the drip tins and take off the roof boards on the dormer, and that they were to run the flashing up as far as possible. Relator claims that these instructions were preliminary ones, necessary before the job could be started, that they did not indicate control of means and manner of performance, and were not inconsistent with the relationship of independent contractor. We point out, however, that after respondent was injured and Larson was working alone relator told him that he wanted the shingles spaced closer and explained just how he wanted them bent and calked to prevent leaks. With respect to this relator testified:

"We had a flat valley come in there and I had to make a change on that. Each man has a different method of putting on his work, and I thought it would be better to make a change, so as to get away from having a leak in the roof."

This testimony, together with the detailed instructions indicated above, show an active supervision of the work by the employer. Considered in the light of the type of contract entered into between the parties, this testimony and the other facts disclosed by the evidence were sufficient to justify the finding of the commission that the employer not only had the right of control but actually exercised control over the means and manner of performance. This court has sustained a finding of a relationship of employer-employe in the following cases, where the facts with reference to the right of control of the manner and means of performance on the part of the employer are analogous to those in the instant case: Cardinal v. Prudential Ins. Co. 186 Minn. 534, 243 N. W.

706; Bolin v. Scheurer, 210 Minn. 15, 297 N. W. 106; Rick v. Noble, 196 Minn. 185, 264 N. W. 685; Byhardt v. Ballord, 209 Minn. 391, 296 N. W. 504; Gahr v. Strout, 179 Minn. 395, 229 N. W. 340.

■ It is clear to us that the evidence presented a fact question as to the employer-employe relation. The determination of this question by the commission adversely to relators will not be disturbed on review where, as here, reasonable support is found in the testimony for such a finding. Hill v. Umbehocker, 201 Minn. 569, 277 N. W. 9; Schroepfer v. Hudson, 214 Minn. 17, 7 N. W. (2d) 336.

Relators rely upon Lemkuhl v. Clark, 209 Minn. 276, 296 N. W. 28; Lange v. American Spawn Co. 194 Minn. 342, 260 N. W. 298; McCormick v. Sears, Roebuck & Co. 254 Mich. 221, 236 N. W. 785; and Perham v. American Roofing Co. 193 Mich. 221, 159 N. W. 140, to sustain their position that respondent was an independent contractor. These cases are clearly distinguishable, in that the element of control of the manner and means of performance on the part of the employer was absent, and they do not therefore conflict with the result reached by the commission in the instant case.

Respondent is allowed an attorney's fee in the sum of $100 in addition to the costs and disbursements taxable in this case.

Affirmed and writ quashed.