FRANK H. GRAIF v. MARK H. AND DONALD M. ALEXANDER, COPARTNERS AS M. S. ALEXANDER LUMBER COMPANY AND AS NU-BILT COMPANY, AND OTHERS.[1]

July 16, 1948.

No. 34,456.

*T. A. Kingland,* for relator.

*Shepley, Severson & Heim,* for respondents Mark H. and Donald M. Alexander, *d. b. a.* M. S. Alexander Lumber Company, and Employers Mutual Liability Insurance Company, its insurer.

*Reynolds & McLeod,* for respondents Nu-Bilt Company and Hardware Mutual Casualty Company, its insurer.

---

[1]Reported in 33 N. W. (2d) 702.

MAGNEY, JUSTICE.

Certiorari to the industrial commission to review an order dated January 31, 1947, denying relator's petition to vacate the findings of the commission and to reopen the case. The commission had denied the petition of relator for compensation.

On September 28, 1945, while relator was employed by respondent Nu-Bilt Company, he suffered an injury when he slipped while helping three other employes of respondent to carry a wagon box. He suffered an inguinal hernia on the right side, which was an aggravation of a previously existing condition. A surgical operation and hospitalization followed. The record is conclusive that relator was not employed by respondents Alexander.

Employe filed a petition for compensation. The referee's decision dated June 24, 1946, denied compensation solely on the ground that employe "did not give notice of said injury to the employer within the time prescribed by law." The industrial commission affirmed this order October 25, 1946. On December 28, 1946, employe filed an application with the commission to vacate its decision and reopen the case. On January 31, 1947, this application was denied. This latter order is the one to be reviewed by the writ. No petition to review the order of the commission filed October 25, 1946, was made, and the time for filing had expired some time prior to the time relator made application to reopen the case. In his application to vacate the decision of the commission and to reopen the case, relator fails to set out any valid ground calling for such action by the commission. The petition merely makes a protest against the decision, and in it relator does not claim that he could or can at a new hearing present any evidence to show that respondents had notice of the accident and injury within the statutory period.

A reading of the testimony discloses that the employer had no notice of the accident within the statutory period, and no notice of the accident was given by employe to employer within that same period. Although review of the order of the commission denying compensation is not before us, it may not be amiss to say that the commission did not err in its original findings.

In the late cases of Bomersine v. Armour & Co. 225 Minn. 157, 30 N. W. (2d) 526, and Batchelder v. Northwestern Hanna Fuel Co. 225 Minn. 250, 30 N. W. (2d) 530, we held that the industrial commission may for cause set aside a determination and grant a new hearing. The granting of a new hearing must be for cause, as stated, and the industrial commission's determination in such respect is final unless an abuse of discretion clearly appears. M. S. A. 176.60. In the Bomersine case the authorities are cited and discussed. In our opinion, the industrial commission did not abuse its discretion in refusing to vacate its original order and reopen the case.

Order affirmed and writ discharged.