## GERDA GARTNER v. HOGSTAD FISH COMPANY AND ANOTHER.[1]

June 30, 1950.

No. 35,016.

*Thorwald Hansen* and *Fred F. Weddel,* for relator.
*Shepley, Severson & Johnson,* for respondents.

THOMAS GALLAGHER, JUSTICE.

Certiorari to review an order of the industrial commission denying relator's petition to vacate a prior order of the commission denying compensation to relator and to grant a rehearing.

---

[1]Reported in 43 N. W. (2d) 798.

420

The commission's decision was filed January 28, 1949. The petition to vacate it and to grant a rehearing was filed February 25, 1949. The order denying the latter was filed March 18, 1949. On May 16, 1949 (the time therefor having been extended by order here), relator petitioned this court for a writ of certiorari to review both the January 28 and March 18 orders.

In Gartner v. Hogstad Fish Co. 229 Minn. 597, 38 N. W. (2d) 844, on respondent's motion to dismiss the present proceedings, we held that the January 28 order was not reviewable on certiorari here by virtue of the expiration of the 30-day period within which petitions for such review must be filed. M. S. A. 176.61. We did not determine whether the March 18 order, which denied the petition for rehearing, was reviewable, and it is the latter which is before us in the present proceedings.

The questions presented for determination are: (1) May the March 18 order be reviewed by writ of certiorari in the present proceedings; and (2) if so, did the commission abuse its discretion in making such order?

On November 19, 1945, and for some time prior thereto, decedent was engaged in the business of repairing refrigeration under the name of Kurt Gartner Company in Duluth. He there maintained a separate office and shop, advertised his business in the Duluth telephone directory, and employed on a weekly salary basis a number of men in connection therewith. All such employes were covered by his workmen's compensation insurance policy.

In his business, decedent usually worked without contract at a charge of two dollars per hour and at times furnished his own employes to aid him in connection with various jobs. He bought the necessary materials for such work and charged the same to his customers.

Respondent Hogstad Fish Company is engaged in the wholesale fish business at Duluth and maintains a building there equipped with a refrigeration system. On November 19, 1945, decedent, with two of his employes, undertook the job of repairing a heavy coil in respondent's refrigeration room. There was no contract between

decedent and respondent. Decedent had performed similar services for respondent on previous occasions and had billed it by invoices upon completion of such jobs.

The November 19 job required that decedent raise the heavy coil in need of repair. Decedent had planned to lift it through holes, made for that purpose, in the ceiling of the refrigeration room, but had been directed by a supervisory employe of respondent not to proceed in this way because of the damage which would result to the insulation if such method were followed. Decedent then proceeded to raise the coil with chain blocks and cribbing. The cribbing, consisting of odds and ends of lumber, which held one end of the coil, slipped, causing the coil to fall, killing decedent and one other employe.

The commission, in substance, held that at the time of the accident the relationship of employe and employer did not exist between decedent and respondent, but that, on the contrary, decedent was then an independent contractor engaged in operating his own business; hence that he was not entitled to compensation as an employe of respondent.

In the petition to vacate the award and grant a new hearing, which was made after the 30-day period permitted for review thereof on certiorari by this court, § 176.61, relator, as sole grounds therefor, set forth in detail certain testimony submitted at the original hearing, contending that a determination that decedent was an employe and not an independent contractor at the time of the accident was compelled thereby.

■ The commission's power to set aside its award and grant a rehearing is covered by § 176.60, as amended by L. 1947, c. 100, § 1, which provides that:

"At any time after an award has been made and before writ of certiorari issued by the supreme court, the commission may, *for cause,* upon application of either party * * * set the award aside and grant a new hearing and thereon determine the matter on its merits * * *." (Italics supplied.)

■  It is obvious that on certiorari to review an order of the commission denying a motion to vacate a prior award and grant a new hearing, made after the expiration of the time for review of the award under § 176.61, we cannot examine the evidence submitted at the prior hearing to determine whether it is sufficient to sustain the award. If this were permitted, we would be doing by indirection that which the statute forbids us to do directly. Ogrosky v. Commonwealth Elec. Co. 172 Minn. 46, 214 N. W. 765; Elsenpeter v. Potvin, 213 Minn. 129, 5 N. W. (2d) 499; Batchelder v. N. W. Hanna Fuel Co. 225 Minn. 250, 30 N. W. (2d) 530; Graif v. Alexander, 226 Minn. 519, 33 N. W. (2d) 702.

■  In construing § 176.60, as amended by L. 1947, c. 100, § 1, we have held that the commission may act thereunder only "for cause," and that its determination as to whether sufficient cause exists to set aside a prior award and grant a rehearing is final, unless an abuse of discretion appears in connection therewith. Ogrosky v. Commonwealth Elec. Co. *supra;* Frederickson v. Burns Lbr. Co. 178 Minn. 464, 227 N. W. 657; Bomersine v. Armour & Co. 225 Minn. 157, 30 N. W. (2d) 526; Batchelder v. N. W. Hanna Fuel Co. *supra.*

■  Here, the petition to vacate the order and for a rehearing disclosed no claim of fraud, deceit, or concealment, and no showing of newly discovered evidence. The commission was merely asked to determine, upon evidence already acted upon, that decedent was an employe of respondent and not an independent contractor at the time of his death. Since it is apparent that the commission had given full consideration to such evidence and, based thereon, had previously determined the issue adversely to relator's contentions, we cannot say that it was guilty of an abuse of discretion in denying the present petition. Bomersine v. Armour & Co. *supra.* See, Schoewe v. Winona Paint & Glass Co. 155 Minn. 4, 191 N. W. 1009; Moore v. Kileen & Gillis, 171 Minn. 15, 213 N. W. 49; Stucky v. Independent School Dist. 175 Minn. 547, 221 N. W. 911; Holmberg v. Amundson, 177 Minn. 55, 224 N. W. 458, 225 N. W. 439; Lange v. American Spawn Co. 194 Minn. 342, 260 N. W. 298; Lemkuhl v. Clark, 209 Minn. 276, 296 N. W. 28.

Writ discharged and order affirmed.