GEORGE S. WYCKOFF v. JOHN WUNDER.[1]

February 11, 1909.

Nos. 15,936—(204).

**Employing Agent as Master.**

The relation of master may be assumed by one who employs another, even though he is an agent merely for the purpose of supervising the work.

**Negligence in Construction of Scaffold.**

One who employs another to work in proximity to a scaffold erected for the convenience of other workmen is required to exercise due care in the construction of the scaffold, and to see that it is reasonably safe for the purpose.

Action in the district court for Hennepin county to recover $10,250 for personal injuries. The complaint alleged that the defendant, in his business of general contractor, employed plaintiff in the capacity of general laborer on a certain building; that defendant in that work caused to be erected and maintained a scaffold and platform and that defendant was negligent in its construction; that plaintiff while in the line of his duty and by defendant's direction went under said scaffold and as the result of said negligence it fell upon and crushed him. The answer denied the negligence and set up that defendant was acting solely in the capacity of superintendent of the Armory Commission. The case was tried before Dickinson, J., who denied a motion at the close of the evidence to direct a verdict for defendant, and a jury which rendered a verdict in favor of plaintiff. A motion for judgment notwithstanding the verdict or for a new trial was denied, and from the judgment entered upon the verdict, defendant appealed. Affirmed.

*Morton Barrows,* for appellant.

*Dodge & Tautges, W. E. Hewitt,* and *Edward M. Nash,* for respondent.

[1] Reported in 119 N. W. 655.

LEWIS, J.

Respondent was injured by the falling of a scaffold which had been erected in the Armory building in Minneapolis, for the purpose of accommodating the plasterers in their work on the ceiling. Appellant moved for judgment notwithstanding the verdict, and the correctness of the order in denying that motion is the question for review.

The Armory Commission of the city of Minneapolis had let a contract for the construction of an armory building, and, the contractor having failed to carry out his agreement, the commission entered into a contract with appellant whereby he agreed to oversee and supervise the work of completing the building, to provide suitable men to conduct the work during his absence, and to hire the labor and purchase the material necessary therefor upon the terms and conditions named in the contract. Appellant was to furnish, on his own account, tools, scaffolding, and other equipment that might be necessary, with the right to use such tools, scaffolding, and other equipment as were then upon the premises. The Armory Commission were to pay all bills monthly as itemized, and appellant's compensation was fixed at five per cent. on the total amount of the money that might be expended. Appellant was a general building contractor, and in prosecuting the work engaged a man by the name of Franklin as his general foreman, and authorized him to employ the necessary laborers and workmen. Respondent was hired by Franklin, although he was paid, as were the other workmen, by the commission.

The scaffolding was about ten feet high, and was constructed under the direction of a carpenter who received his instructions from Franklin. As constructed, two sections were supported with so-called cross or X braces, which were later taken off by the direction of Franklin, and with appellant's knowledge, for the reason that they might interfere with the men engaged in other work, and straight braces were substituted. Franklin testified that to complete the scaffold it was his intention to put braces on the upper part of it, but before that was done Franklin directed some of the workmen to place some planks on the top of the scaffold for the plasterers to stand on, and gave directions how those planks should be handled; that they should be brought in through a certain door and handed up lengthwise, at the end. After the men had passed up several planks in this manner, they changed

the method and began to shove them through the window onto the scaffold from one side, and appellant claims that the lateral pressure so brought to bear caused the scaffold to sway and collapse.

1. A determination of the actual relation between the commission and appellant is not necessary to a decision in this case. Conceding that, as between himself and the commission, appellant was an agent or representative, employed for the purpose of performing certain acts for his principal, it does not follow that he could not and did not assume the relation of master to respondent. He was required to furnish the necessary material, tools, and scaffolding, in addition to such as might be on the premises, and was authorized to employ the necessary labor. He was a contractor in general business. His foreman, Franklin, had been in his employ for a considerable time as such, and respondent had also been previously employed to work for appellant under Franklin. There is no evidence that respondent was informed as to the relation existing between appellant and the commission. He was taken from one place and put to work at another, under such conditions as led him to suppose that he was employed by the same master. Whatever Franklin did in the performance of the work, under the direction, or with the knowledge and acquiescence, of appellant, was the act of appellant in so far as respondent was concerned.

2. Whether the scaffold was in fact complete is not material. The question is: Did it fall, by reason of inherent weakness or improper bracing, through the negligence of appellant? If certain braces necessary to its safety were taken off, and those substituted were not equivalent, then it was not sufficiently constructed, and in that sense incomplete. Franklin testified that he realized the scaffold was not safe for the purpose of receiving the planks from the side, and consequently gave directions to put them up from the end. If the scaffold, as constructed, was reasonably safe for the purpose intended, and the cause of its collapse was the manner in which the planks were handled, then appellant was not responsible. The evidence was somewhat conflicting, and was submitted to the jury in a charge which fully set forth the claims of the respective parties, and we are of opinion that the evidence justified the jury in finding that appellant failed to exercise ordinary care in constructing the scaffold, and that it fell by reason of its inherent weakness.

Affirmed.