Leo STREIFF, Relator,

v.

Steven A. LUNGREN, Department of Jobs and Training, Respondents,

Karl Bohn, interested person, Respondent.

No. C8-86-700.

Court of Appeals of Minnesota.

Sept. 23, 1986.

David E. Snoeyenbos, Eagan, for relator.

Steven A. Lungren, Prior Lake, pro se.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Dept. of Jobs and Training.

Loren Gross, Minneapolis, for Karl Bohn.

Considered and decided by LESLIE, P.J., and WOZNIAK and CRIPPEN, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Relator, Leo Streiff, requests review of a determination that respondent Steven Lungren was his employee for purposes of the unemployment compensation laws. We affirm.

## FACTS

Steven Lungren, a carpenter, was hired by Leo Streiff in July 1984 to work on his crew framing houses. Much of that work was done for Karl Bohn, a real estate broker, who was also involved in constructing new homes. Bohn contracted with others, including Streiff, to do the actual construction of the homes, generally on a per-job basis. Streiff and his carpenters, however, were paid based upon the number of hours they worked. Bohn paid Streiff $15 per

hour for his own services and $10 per hour for each of his carpenters. At first, Streiff submitted a statement to Bohn on a bi-weekly basis, and Bohn wrote a check to Streiff who, in turn, paid himself and his carpenters. During August and September of 1985, Streiff had problems with his checking account and requested that Bohn pay each carpenter separately. Bohn complied with this request.

Lungren's hours and break times were set by Streiff, and Streiff directed the carpenters' work. When he was not working for Bohn, Streiff worked for other builders, using Lungren for some of those jobs. Upon at least one occasion Streiff was unable to work for Bohn because he was busy with another job.

In November 1984, Streiff told Lungren that there was not enough work available and that his services were no longer needed. Lungren filed a claim for unemployment compensation benefits and, following a hearing, a referee determined that he was an employee of Karl Bohn. A Commissioner's representative reversed, finding that Lungren was an employee of Leo Streiff. Streiff has appealed, alleging that Lungren was an employee of Bohn, and that Bohn's account should be charged for Lungren's unemployment compensation benefits.

### ISSUE

Was Lungren an employee of Leo Streiff or Karl Bohn?

### ANALYSIS

In *Guhlke v. Roberts Truck Lines,* 268 Minn. 141, 128 N.W.2d 324 (1964), the supreme court listed the factors to be applied in determining whether an employment relationship exists. Those factors include:

(1) The right to control the means and manner of performance; (2) the mode of payment; (3) the furnishing of material or tools; (4) the control of the premises where the work is done; and (5) the right of the employer to discharge.

*Id.* at 143, 128 N.W.2d at 326. The most important factor is the right of the employer to control the means and manner of performance. *Id.*

Streiff contends that this case is governed by *Bolin v. Scheurer,* 210 Minn. 15, 297 N.W. 106 (1941), where the court stated:

One who is hired and paid by an employe to help in performing the employer's work with the latter's consent and subject to his control as to the details of the work is an employe of the employer.

*Id.* at 16, 17, 297 N.W. at 106 (quoting *Byhardt v. Ballord,* 209 Minn. 391, 394, 296 N.W. 504, 505 (1941)). In *Bolin,* a claimant for workers' compensation benefits was determined to be an employee of the City of Mankato, when he drove a truck for an excavating contractor who had been hired by the city to level certain street surfaces.

Cases involving different fact situations are of limited value in determining the existence of an employment relationship. *Guhlke,* 268 Minn. at 145, 128 N.W.2d at 327, n. 4. In *Bolin,* the court determined that the city had "unfettered control" over both the excavating company and the truck driver, and therefore could have supervised and directed the details of the driver's work. *Bolin,* 210 Minn. at 19, 20, 297 N.W. at 108. The court also found that the city had an "unfettered right of discharge or termination" *Id.* at 18, 297 N.W. at 107. Here, however, there is no evidence that Lungren was hired with Bohn's consent or that he was subject to Bohn's control as to the details of the work. Rather, Streiff hired Lungren and told him when there was no more work available. Streiff testified that he did not discuss with Bohn how many carpenters he needed, and that he himself set the hourly rates for all carpenters, including Lungren. Streiff also directed the work of the carpenters and checked on their hours. In addition, Streiff and his crew were free to work for other builders and to refuse work from Bohn. Bohn testified that he had no control over the men or their working

hours. He also testified that he had no control over the hiring or discharge of the carpenters.

Streiff argues that it is the right to control, rather than the exercise of that right, which should determine whether Bohn was Lungren's employer. In *Wicklund v. North Star Timber Co.*, 205 Minn. 595, 287 N.W. 7 (1939), a timber company had employed a truck owner/driver, who, in turn had hired a substitute driver. When the substitute driver was injured by another employee of the timber company, he sued the timber company and the other employee. The court concluded:

> Whether the substitute became [the timber company's] servant depended on whether it had the right of control over him in the performance of the work.

*Id.* at 603, 287 N.W. at 12.

Here, however, Bohn specifically testified that he did not have the right to control Streiff's carpenters. That testimony is supported by evidence that when Bohn wanted to use Lungren for other purposes[1] he first asked for Streiff's permission.

In *Edelbrock v. Mpls., St. P. & S.S.M. Ry. Co.*, 158 Minn. 25, 196 N.W. 807 (1924) the court concluded that a cook, who was hired and paid by a bridge crew in the employ of a railroad company, was not an employee of the railroad company. The *Edelbrock* court stressed that the relationship between the parties should be viewed as contractual in nature, and that a court should not arrogate to itself the power of creating an unintended relationship. *Id.* at 29, 30, 196 N.W. at 809.

Streiff also argues that because he was paid by the hour and not by the job, both he and his workers must be considered Bohn's employees. The manner of payment, although a factor to be considered, is not conclusive evidence of an employment relationship. *See Wise v. Denesen Insulation Co.*, 387 N.W.2d 477, 480 (Minn.Ct. App.1986). The *Guhlke* factors should be

used as aids, and not as a means of obscuring the true facts of a situation. *See Darvell v. Paul A. Laurence Co.*, 239 Minn. 55, 62, 57 N.W.2d 831, 835 (1953).

In *Wise*, tax withholding upon the relator's request demonstrated the relator's, rather than the alleged "employer's" control over the mode of payment. Similarly, here, Bohn's direct payments to Streiff and his carpenters in August and September of 1984 were to accommodate Streiff's wishes, and also demonstrate Streiff's, rather than Bohn's control over the mode of payment.

In concluding that Lungren was an employee of Streiff, rather than Bohn, it is not necessary to first determine the relationship between Streiff and Bohn. In *Wyckoff v. Wunder*, 107 Minn. 119, 119 N.W. 655 (1909), the Armory Commission of Minneapolis had contracted with the appellant Wunder to oversee and supervise the work of completing an armory building. The appellant engaged a general foreman, and authorized him to employ the necessary workers. The foreman, in turn, hired the respondent, who was injured by a falling scaffold. The supreme court stated:

> A determination of the actual relation between the commission and appellant is not necessary to a decision in this case. Conceding that, as between himself and the commission, appellant was an agent or representative, employed for the purpose of performing certain acts for his principal, it does not follow that he could not and did not assume the relation of master to respondent. He was * * * authorized to employ the necessary labor. He was a contractor in general business. His foreman, Franklin, had been in his employ for a considerable time as such, and respondent had also been previously employed to work for appellant under Franklin. * * * Whatever Franklin did in the performance of the work, under the direction, or with the knowledge and acquiescence, of appel-

---

**1.** In one instance, Bohn used Lungren to help build a retaining wall, and in another instance he used Lungren to do warranty work.

lant, was the act of appellant in so far as respondent was concerned.

*Id.* at 121, 119 N.W. at 656.

Minn.Stat. § 268.12, subd. 13(4) (1984) provides that in cases of this nature the court's scope of review is determined by reference to Minn.Stat. ch. 14.

In a judicial review under sections 14.-63 to 14.68, the court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:

(a) In violation of constitutional provisions; or

(b) In excess of the statutory authority or jurisdiction of the agency; or

(c) Made upon unlawful procedure; or

(d) Affected by other error of law; or

(e) Unsupported by substantial evidence in view of the entire record as submitted; or

(f) Arbitrary or capricious.

Minn.Stat. § 14.69 (1984).

The Commissioner's conclusion that Lungren was the employee of Streiff, rather than Bohn, is supported by substantial evidence, is in keeping with the applicable law and is not arbitrary or capricious.

### DECISION

The Commissioner properly determined that Leo Streiff was Lungren's employer; therefore Streiff's account should be charged for Lungren's unemployment compensation benefits.

Affirmed.

